**FILED**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*J.S. BANKRUPTCY COURT*

| | | |
|---|---|---|
| IN RE: | : | NO. 17-16997 |
| JOHN C. FLAGLER, | : | |
| Debtor | : | CHAPTER 7 |

## RESPONDENT'S BRIEF IN SUPPORT OF MOTION IN OPPOSITION TO DEBTOR'S MOTION FOR CONTEMPT AND SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY

1. On October 16, 2017, Francis E. Templin (hereinafter "Respondent") filed a Complaint in Civil Action as Plaintiff in the Court of Common Pleas of Berks County, Pennsylvania. The named defendants were John "Chris" Flagler and A&R Flag Car, jointly and severally. The docket number assigned is 17-18659. (See attached **Exhibit I** Complaint in Civil Action cover page, and **Exhibit II** Notice to Defend.)

2. On October 16, 2017, John C. Flagler (hereinafter "Flagler") filed for personal Chapter 7 bankruptcy.

3. On December 14, 2017, Templin filed a Motion with Supporting Brief to Amend Complaint as to Named Defendants, and after consideration the Honorable Madelyn S. Fudeman issued an Order (See attached **Exhibit III** Order) noting "[this] Order shall also serve to grant leave to discontinue the action against Defendant John "Chris" Flagler."

4. On December 19, 2017, pursuant to Pa. R.C.P. 236, A&R Flag Car, Inc., and A&R Flag Car, LLC were notified that a Default Judgment had been entered (**Exhibit IV** R.C.P.

236 Notice). Templin avers that from this point on all efforts to collect on the default judgment were solely and exclusively against the named defendants - A&R Flag Car, Inc., and A&R Flag Car, LLC.

5. With respect to the Berks County civil action, on January 3, 2018, the Prothontary of Berks County prepared a Certified/Exemplified copy of the court docket (**Exhibit V**, Certification and Berks County Civil Court Docket Summary). This Exhibit confirms the named defendants as being A&R Flag Car, Inc. and A&R Flag Car, LLC, jointly and severally.

6. **Exhibits VI –VIII**, Praecipe for Judgment, Praecipe for Writ of Execution, and Notice of Filing Judgment, respectively, refer to the Transfer of the Judgment from Berks County to Northampton County, in re: Francis E. Templin v. A&R Flag Car, Inc. and A&R Flag Car, LLC, jointly and severally.

By his own admission, Flagler owns 100% of A&R Flag Car Inc., and is the sole shareholder. In addition, Flagler owns 100% of A&R Flag Car LLC, and is the sole and dominant member, making this a Single-Member Limited Liability Corporation.

Respondent avers that any mail or correspondence from [himself] or the courts, or Service of Process, was and is a valid attempt to collect a judgment or debt from the business entities. If Flagler accepts mail from the Respondent, mail from the courts, or Service of Process, in his capacity as owner, shareholder, member, manager, or operating officer of these business entities – in no way can that be construed as an attempt to collect a debt from Flagler *personally*. This being the case, Respondent strongly objects to counsel's accusations that [he] is in violation of the Automatic Stay.

Respondent avers that [he] was under no obligation to keep Flagler's bankruptcy attorney updated as to the Berks County civil action, as he was not counsel-of-record in that

matter. Further, instead of checking the docket for himself, counsel relied upon documents given to him by his client [Flagler], as demonstrated by Debtor's Exhibit "**B**." Had he performed the appropriate due diligence and checked the docket for himself, he would have immediately ascertained that:

    1. Flagler had been dismissed as a defendant in the civil action;

    2. that the named defendants were business entities that were not parties to Flagler's Chapter 7 personal bankruptcy;

    3. that Debtor's Averment **8**, and its reference to Exhibit "**B**," have no basis in fact, and demonstrate a certain indolence and lack of due diligence.

    7.    On August 21, 2017, Templin (Plaintiff) filed a Civil Complaint in the Magisterial District Court, Wind Gap, Northampton County Pa., against Christopher Flagler and A&R Flag Car, Inc. (Defendants), Docket No. CV 172-2017.

    8.    On **September 21, 2017**, John Flagler and A&R Flag Car (Plaintiffs) filed a Civil Complaint in the Magisterial District Court, Wind Gap, Northampton County, PA., against Francis Templin (Defendant), for the statutory limit of $12,000.00. It should be noted that this was **not** filed as a cross-complaint, but rather as a stand-alone Civil Action with an independent cause of action. (**Exhibit IX,** Civil Complaint CV 195-2017).

    Respondent contends that it certainly appears Flagler deliberately withheld the information regarding this Civil Complaint from his bankruptcy counsel, because, as the Court is well aware, Flagler filed for Chapter 7 bankruptcy on October 16, 2017 - **after** he filed this Civil Complaint. Respondent profoundly prays that the Court conducts a vigorous examination of Flagler to ascertain why [he] felt compelled to file a Civil Complaint, in his **own** name, against Templin, and less than a month later file for Chapter 7, while leaving the Civil Complaint open

and allowing it to proceed to Judgment. Plaintiff avers that Flagler's actions constitute an abuse of process, both in the Civil and Bankruptcy courts, and that at the least his conduct deserves to be reprimanded and severely sanctioned.

9.  On November 13, 2017, a hearing on Docket No. CV 195-2017, Christopher Flagler and A&R Flag Car v. Templin was held by the Magistrate wherein the Magistrate rendered a Judgment in favor of Christopher Flagler **only**, and against Templin, in the amount of $12,000.00. (**Exhibit X**, Notice of Judgment/Transcript Civil Case). As to Docket No. 195-2017, and pursuant to his rights under Pa.R.C.P.D.J No. 1001(7), Templin (as "Defendant"), filed a Notice of Appeal from Magisterial Judgment (**Exhibit X1**, Notice of Appeal), to the Court of Common Pleas, County of Northampton, No. **CV 2017-11087**, with a Praecipe to Enter Rule to File Complaint and Rule to File. This Appeal was prepared and docketed in full compliance with the Pennsylvania Rules of Civil Procedure.

Respondent avers that it is particularly compelling that Flagler, in filing Civil Complaint CV 195-2017, employed the name "Christopher Flagler" as Plaintiff in the action. This is noteworthy and brought to the Court's attention because "Christopher Flagler" does **not** appear in the list of aka (aliases) Flagler listed in his Chapter 7 petition. Those names in fact were **John C. Flagler** aka **John Christopher Flagler** aka **John Flagler**. Respondent further avers that this was intentional and deliberate on the part of Flagler. One can only infer that Flagler's use of the name "Christopher Flagler" in his Civil Complaint filing, which ultimately resulted in [his] being awarded a Judgment solely in that name, is an attempt to have that civil action and judgment not appear in a routine docket search, to hide the judgment from creditors, and from this Court. Respondent further avers that this was part of a certain action, deception,

and scheme that merits further scrutiny by the Court.

Respondent reiterates his contention that Flagler deliberately withheld the foregoing information regarding this Civil Complaint from his bankruptcy counsel, because, as the Court is well aware, Flagler filed for Chapter 7 bankruptcy on October 16, 2017 - **after** he filed his Civil Complaint. Flagler thus sought to deny his own counsel (and therefore the Court) knowledge of the true nature of [his] litigation and scheme.

Respondent cannot be denied his right to appeal an adverse monetary judgment rendered against him, and to require Flagler to comply with the Pennsylvania Rules of Appellate Procedure. Flagler initiated the Civil Complaint, in his personal name, and cannot now seek protection from the Bankruptcy Court. The actions of Flagler cannot be excused, overlooked, or marked off due to some naivety or inexperience, especially given that he is an experienced business owner, and could have consulted with an attorney before undertaking the Civil Complaint at issue.

Respondent avers that it would be a flagrant violation of [his] rights under the Fifth Amendment to the United States Constitution (*No person shall be...deprived of life, liberty, or property, without due process of law*), as well as the Constitution of the Commonwealth of Pennsylvania, Article I, Sec. 11, wherein "*All courts shall be open; and every man for an injury done to him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial, or delay,*" to deny [him] full and unimpeded access to the courts in order to fully pursue his appellate rights. A filing for bankruptcy by the likes of Flagler cannot be used as a shield against litigation initiated by this same Debtor, nor can it be used to deny the Respondent his appellate rights.

Flagler **opened the door** by filing a Civil Action in his own name, thereafter filing for Chapter 7 protection, and then deliberately hiding this fact from both his bankruptcy counsel and this Court. Respondent prays this Court to conduct a vigorous examination of

Flagler to ascertain why [he] felt compelled to file a Civil Complaint, in his own name, against Templin, and less than a month later file for Chapter 7, while leaving the Civil Complaint open and allowing it to proceed to Judgment. The Court is reminded that the Magistrate, in Docket No. CV 195-2017, awarded the Judgment to **Flagler** only, clearly demonstrating that Flagler stood to benefit from his attempted scheme. Plaintiff avers that Flagler's actions constitute an abuse of process, both in the Civil and Bankruptcy courts, and the conduct deserves to be severely sanctioned.

Further, Respondent avers that, given Flagler's flagrant abuse of process, in both the Civil and Bankruptcy courts, not only does he deserve to be severely sanctioned, Flagler's conduct rises to a *level of deception* that should shock this Court and cause a dismissal of the Chapter 7 petition **with prejudice**.

10. On November 13, 2017, a hearing on Docket No. CV 172-2017, Francis Templin v. Christopher Flagler and A&R Flag Car, was held by the Magistrate, wherein the Magistrate rendered a Judgment against Templin and awarded $0.00. (**Exhibit X**, Notice of Judgment Transcript Civil Case). As to Docket No. 172-2017, and pursuant to his rights under Pa.R.C.P.D.J No. 1001(6), Templin (as "Plaintiff"), filed a Notice of Appeal from Magisterial Judgment (**Exhibit X1I**, Notice of Appeal), to the Court of Common Pleas, County of Northampton, No. **CV 2017-11088**. This Appeal was prepared and docketed in full compliance with the Pennsylvania Rules of Appellate Procedure.

Respondent avers that it would be a flagrant violation of [his] rights under the Fifth Amendment to the United States Constitution (*No person shall be…deprived of life, liberty, or property, without due process of law*), as well as the Constitution of the Commonwealth of Pennsylvania, Article I, Sec. 11, wherein "*All courts shall be open; and every man for an injury*

*done to him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial, or delay,"* to deny [him] full and unimpeded access to the courts in order to fully pursue his appellate rights. A filing for bankruptcy by the likes of Flagler cannot be used as a shield against adverse litigation, nor can it be used to deny the Respondent his appellate rights.

11. In specific response to Movant's Averments **9** and **10,** Respondent reasserts **8** previously averred, and adds the following:

As to Docket No. 172-2017, and pursuant to his rights under Pa.R.C.P.D.J No. 1001(6), Templin (as "Plaintiff") filed a Notice of Appeal from Magisterial Judgment (**Exhibit XII**, Notice of Appeal), to the Court of Common Pleas, County of Northampton, No. **CV 2017-11088**. Pa. R.C.P.D.J. No. 1001(6) requires that if appellant was Claimant in action before a Magisterial District Judge, A COMPLAINT MUST BE FILED within twenty (20) days after filing the NOTICE of APPEAL (**Exhibit XII**, Notice of Appeal).

Respondent avers that, as the Plaintiff in the underlying Civil Complaint (172-2017), he became the "Claimant" for purposes of the Appeal and thus became the Appellant in No. CV 2017-11088. Respondent further avers that had [he] not complied with 1001(6) he would have been giving up his appeal rights and his right to seek redress through the courts. As previously cited, this would have been a violation of Respondent's due process rights, protections and guarantees afforded by the U.S. Const. amend. X, and Art. I, Sec. 11 of the Penna. Constitution.

Respondent, consistent with his appeal and Constitutional rights, protections and guarantees, filed a Complaint in Civil Action in the Court of Common Pleas of Northampton County, Case No. CV 2017-11088, on December 11, 2017, in the matter of Templin v. John

"Chris" Flagler and A&R Flag Car, jointly and severally.

The Court is asked to consider the following. While Mr. Flagler is a named defendant in Case No. CV 2017-11088, he is also the 100% owner and sole shareholder of A&R Flag Car, Inc., and the 100% owner, sole member, and manager of A&R Flag Car, LLC. The Complaint at issue is styled *jointly and several* against the several defendants. In that respect, Flagler cannot hope to avoid mail, correspondence, and Service of Process directed to the business entities he owns and operates. This includes engagement in the discovery process, including responding to Interrogatories and Requests for Production. This is a direct byproduct of his corporate form.

## CONCLUSION

Respondent strongly objects to counsel's accusations that [he] is in violation of the Automatic Stay Order, and avers that he is not in contempt of the Order, by virtue of the averments and evidence set forth in the foregoing Respondent's Motion in Opposition and his supporting Brief, and states as evidence thereof the following:

The Motion on behalf of Flagler relies on two civil cases – Berks County No. 17-18659, and Northampton County No. CV 2017-11088. First, with respect to the Berks County case, Respondent avers that [he] has proven that the Movant's averment(s) are **moot, false**, and **against the weight of the evidence**. Counsel failed to conduct the most basic of inquiries and research, failed to perform a docket search, failed to perform any due diligence, and failed to properly vet the accusations made by Flagler, before accusing the Respondent of "contempt," "actions in violation," and "willful and knowing violations." In support thereof, Respondent offers for the Court's consideration Movant's own Exhibit "**B**," which counsel attached to and

offered in support of his Motion for Sanctions. As the Court can immediately discern (and as counsel should have readily identified himself before offering Exhibit "B" into evidence), is that this relates to Berks County Case No. 17-18659, Francis E. Templin. v. A&R Flag Car, Inc, and A&R Flag Car, LLC. The exhibit has **nothing** to do with the Debtor Flagler, yet counsel relied upon it as a basis for his Motion for Contempt. Plaintiff avers that this is a clear example of counsel's indolence, lack of due diligence and preparation and for this conduct alone the Court should reprimand and appropriately sanction counsel.

With respect to the Northampton County case, Respondent respectfully submits that the Court should take the totality of events into consideration. However, at the very core, we have a Debtor who is at the least dishonest, and may in fact be found to have perpetrated an ongoing fraud upon the Court, and who has been clearly abusing the legal process to his own ends.

Respondent filed a Civil Action in Magisterial District Court for a sum certain, naming Christopher Flagler and A&R Flag Car as defendants. The Respondent had determined that Flagler was the owner of A&R Flag Car, and Flagler was the sole individual who dispatched Respondent on assignments. Flagler thereafter filed a Civil Action in the same District Court, naming Christopher Flagler (a previously unknown alias) and A&R Flag Car as Plaintiffs. As is now known, one month after the filing of this Civil Action, Flagler filed for Chapter 7. As previously averred, the name "Christopher Flagler" does not appear on the aka/alias list of names identified in Flagler's bankruptcy petition. It is striking that counsel does not bring to the Court's attention this Civil Action, as it calls into question Flagler's veracity and truthfulness. Any attorney would have counseled Flagler that [he] had a problem where he filed a civil suit then turned around and claimed bankruptcy. This clearly has to be seen as an abuse of the legal

process. Flagler sought to deny his own bankruptcy counsel (and therefore the Court) knowledge of the true nature of [his] litigation and scheme.

The Magistrate rendered a Judgment which was against the weight of the evidence, awarding Flagler **only** (and, significantly **not** A&R Flag Car) $12,000.00, and finding against Respondent and awarding $0.00. Respondent, pursuant to his appeal rights afforded by the Pennsylvania Rules of Appellate Procedure, filed appeals as to both Magisterial District Court adverse judgments. To not file the appeals would have resulted in Respondent forever giving up and abandoning his appeal rights. Failing to appeal the decision(s) of the Magistrate would have resulted in substantial economic harm to Respondent, and cause a grave injustice to occur, as the Magistrate's decision was against the weight of the evidence, was based on testimony that was beyond his purview, and was outside of the district court's jurisdiction.

As regards 172-2017, the Magistrate found in favor of "Christopher Flagler" while making **no** mention of A&R Flag Car, and against the Respondent, resulting in significant economic harm to the Respondent. This being the case, Respondent avers that, of necessity, [he] had to file an appeal against the named defendant Flagler as the Judgment was rendered in his favor. The same holds true with respect to the filing of the Complaint in Common Pleas Court. The Rules of Appellate Procedure, Pa. R.C.P.D.J. 1001(6) mandate that "A COMPLAINT MUST BE FILED within twenty (20) days after filing the NOTICE OF APPEAL Respondent avers that in order to preserve his appellant rights, and perfect any claims, [he], of necessity, **had to name** Flagler as a party to the Complaint CV 2017-11088.

As regards 195-2017, while not cited by counsel as a basis for his instant Motion, Respondent avers that the Civil Complaint is of utmost significance and bears directly upon this matter as it goes to Flagler's state of mind. Flagler, on his own volition and without seeking the

advice of counsel, filed a Civil Complaint against the Respondent seeking monetary damages. Less than one month later Flagler filed for Chapter 7, listing Respondent as a "Creditor." Through counsel's broadcast letter of November 28, 2017, Respondent as a Creditor is notified of an Automatic Stay. However, all the while Flagler's 195-2017 Civil Complaint is pending - which could have, and ultimately did have significant adverse legal and monetary consequences as to the Respondent.

Respondent avers that [he] cannot be forced or compelled to give up his appeal rights, and opines that he cannot be barred from the courthouse door, by a Debtor whose actions have consisted of making false and misleading statements, by perpetrating various deceptions, and abusing the judicial processes of both the Civil and Bankruptcy Courts.

Examples of the foregoing allegations include, but are not limited to the following:

> 1)    Flagler provided to his bankruptcy counsel Exhibit "B" as proof that Respondent was in violation of the Automatic Stay, while knowing full well that Exhibit "B" only served to show that Flagler was no longer a party to the litigation at issue.
>
> 2)    Flagler allowed his counsel to rely upon [his] erroneous and false representations (hopefully to counsel's ultimate chagrin) so that counsel would pursue the instant Motion for Contempt and Sanctions.
>
> 3)    Flagler's efforts in the foregoing were and are a part of a concerted effort and scheme to stall, impede, and make the legal and legitimate collection efforts (including Service of Process by Sheriff) by Respondent "go away" or disappear. **This amounts to a willful deception upon the Court**.
>
> 4)    Flagler, of his own volition, filed a Civil Complaint (195-2017) against Respondent ("Defendant"), and less than one month thereafter filed for Chapter 7, naming Respondent as a Creditor and/or placing Respondent on notice of an Automatic Stay. Flagler allowed the litigation of the civil action to continue through hearing and judgment, where he received a substantial award from the Magistrate.

5) Flagler, in his filing of 195-2017, used the name "Christopher Flagler," an aka or alias [he] is previously unknown to have used. The name does **not** appear in the list of aka/alias names provided by Flagler in his Chapter 7 petition. From all appearances he did not notify the Court of this civil action and the judgment award, and one trusts that he did not impart this information to his bankruptcy counsel. **This amounts to a willful deception and fraud upon the Court**.

6) Flagler, by all appearances, intends to run to his bankruptcy attorney every time he receives a mailing or correspondence from the Respondent or the courts, or when he receives Process of Service by Sheriff. The Court and counsel are well aware, through Flagler's own admissions in his Chapter 7 Petition and filings therein, and the conclusions that can legally be drawn therefrom, that:

    a. Flagler owns 100% of A&R Flag Car, Inc. He is the sole shareholder and officer;

    b. Flagler owns 100% of A&R Flag Car, LLC. He is the sole member and manager of the LLC and maintains dominant, sole, and total control;

    c. Relative to a. and b. Flagler, in his capacity as the sole owner, manager, director, officer, etc., cannot hope to avoid receiving and responding to mailings, correspondence, discovery requests, and Process of Service in his capacity as the owner of these business entities. These entities are the subject of, and are embroiled in, litigation and outstanding Judgment collection efforts;

    d. Flagler, of necessity, is responsible for answering to the litigation to which his companies are a party, and to the extent he seeks to avoid answering or responding to such mailings, correspondence, discovery requests, and Process of Service, risks being found in Contempt of Court in both Berks County and Northampton County.

Flagler's actions, in insisting on using this Court as a shield against the legitimate efforts heretofore identified, must be seen as an **Abuse of Process**.

7. With respect to the Complaint in Civil Action docketed in Northampton County under Docket No. CV 2017-11088, the case is styled against the Named Defendants *jointly and severally*. The preceding paragraphs are herein incorporated by reference. Flagler is again seen to be attempting to use the Court as a shield to complain about and avoid mailings, correspondence, discovery requests, and Process of Service against a business entity that he wholly owns, operates and manages. Attempting to use the Court as a shield to protect his business entity must be seen as an **Abuse of Process**.

Counsel for the Movant, Debtor JOHN C. FLAGLER, is asking the Court to Order Respondent to *"terminate, discontinue and end with prejudice"* Francis E. Templin v. John "Chris" Flagler, Berks County Case No. 17-18659. As established herein, the Court has no jurisdiction as regards 17-18659. Counsel, filing on behalf of Flagler, is in error and his allegation is factually incorrect. There is no case styled Francis E. Templin v. John "Chris" Flagler, Berks County Case No. 17-18659. Had Counsel done his job, he would have readily ascertained that Flagler had been dismissed as a named defendant on 14 December 2017 pursuant to an ORDER issued by a Judge of the Berks County Court, and based upon a pleading made by the RESPONDENT as the Plaintiff in that action.

Counsel's presentation of this allegation rises to the level of legal malpractice, and appears to be evidence of a client leading his attorney by the nose. Respondent prays the Court to **strongly reprimand and sanction** counsel for his indolence, <u>lack of due diligence</u>, and <u>lack of preparation</u>, as the submission of this allegation is frivolous, ill-considered and factually incorrect on its face.

John C. Flagler, Movant, is the instigator and a party to this Motion. **As such he is responsible for his participation and actions in bringing this Motion**. From the time he was served with the Complaint, through to and including entry of the Final Default Judgment, Flagler received mailings from the Plaintiff via Certified Mail and from the Prothonotary of the Court. It is therefore established that Flagler knew of the civil action against the business entities he owned, operated and managed. **At no time** did Flagler retain counsel to represent himself or the interests of his corporation or LLC. He was, in effect, undertaking to represent himself and his several business entities. In any event, this being the case, it was incumbent upon Flagler to keep himself apprised as to the status of the civil action. Had Flagler done so, he would have been

aware that he had been dismissed as a named defendant as of 14 December 2017.

It is axiomatic that, where a party undertakes to represent himself in legal matters, and chooses to proceed without benefit of legal counsel, the courts necessarily hold him to the same legal standard as a Member of the Bar. This being the case, Flagler, in advancing this Motion, is legally responsible for the information he **made** to his bankruptcy counsel (and thus to the Court); for the information he **withheld** from his bankruptcy counsel (and thus to the Court); and for the veracity of the statements, averments, documents and testimony he presents. Flagler sold his attorney a bill of goods, expressed righteous indignation and claimed that he was being harassed by the Respondent, and his attorney bought it.

Flagler, as Movant, knew or should have known that, as of 14 December 2017, [he] was no longer a defendant in Berks County 17-18659. Flagler **does not** deserve and **cannot be given** a pass. Flagler has wasted his attorney's time, the Court's time, and most importantly the Respondent's time. Flagler's conduct rises to a *level of deception and irresponsibility* that should shock this Court and cause a **dismissal** of the Chapter 7 petition **with prejudice**. In addition, Respondent prays this Court to Order that Movant, John C. Flagler, immediately tender a check to pay the Respondent's fees for costs and time incurred in researching, preparing, and responding to this Motion and the Accompanying Brief.

Secondly, Counsel for the Movant, Debtor JOHN C. FLAGLER, is asking the Court to Order Respondent to *"terminate, discontinue and end with prejudice"* Francis E. Templin v. John "Chris" Flagler, Northampton County Case No. CV 2017-11088. Counsel has failed to offer evidence or even a compelling argument to support his position.

By contrast, Respondent avers that, by and through the preceding paragraphs, herein incorporated by reference, he has afforded to the Court such overwhelming and compelling evidence that there can be no other conclusion than that, as to Movant's second

'charge,' the instant Motion is meritless and cannot withstand judicial scrutiny. In support thereof the Respondent offers the following pertinent facts:

1. In order to recover for money damages, Respondent filed a Civil Complaint in Magisterial Court, Christopher Flagler and A&R Flag Car – Defendants (**8-21-17**);

2. Flagler, **in his own name**, filed a Civil Complaint (**195-2017**) citing an independent cause of action, against Respondent (**9-21-17**). Flagler deliberately used the name "Christopher Flagler," a previously unknown/unused aka/alias, in a **deliberate attempt to hide** his involvement in the litigation he initiated, and in an attempt to **deceive** the Court;

3. Flagler thereafter filed for Chapter 7 (**10-16-17**). Flagler **deliberately** withheld information concerning the two (2) civil actions from his bankruptcy counsel. Flagler **deliberately failed** to advise the Court that he had initiated a civil suit against a **creditor** listed on his Chapter 7 Petition less than one month prior to filing for Chapter 7.

4. Flagler was awarded a Judgment (**11-13-17**) in Civil Complaint 195-2017, solely in his own name, against the Respondent (**a listed "Creditor"**). Flagler **deliberately failed** to advise the Court of the Judgment award.

5. Having received an adverse judgment with respect to his own Civil Complaint, and with Flagler having been awarded a Judgment with monetary damages, Respondent exercised his appeal rights and filed Notices of Appeal in the Court of Common Pleas, Northampton County, as to both civil actions.

6. Flagler **opened the door** to judicial scrutiny and inquiry by filing a Civil Complaint in his own name, thereafter filing for Chapter 7, and then **deliberately hiding** this fact from both his bankruptcy counsel and this Court. Risking obvious exposure, Flagler **significantly makes no mention** in his Motion for Contempt and Sanctions, of the civil action he initiated and the resultant Notice of Appeal (See Respondent's Exhibit XI) and the PRAECIPE TO ENTER RULE TO FILE COMPLAINT AND RULE TO FILE, docketed pursuant to Pa.R.C.P.D.J. 1001(7) and dated 12/11/17 (again, See Exhibit XI).

7. As previously averred, Respondent cannot be forced or compelled to give up his appeal rights, pursuant to the guarantees afforded by the Constitution of the United States, The Constitution of the Commonwealth of Pennsylvania, and his appellant rights afforded by the Pennsylvania Rules of Civil and Appellate

Procedure; he cannot be barred from the courthouse door and pursuing due process by a Debtor whose very actions have been shown to be beyond contempt.

8.  Were the Court to impose itself or intervene into the Complaint in Civil Action, Northampton County Docket No. CV2018-11088, it would constitute judicial overreach into the Civil and Appellate Courts of the Commonwealth of Pennsylvania. The Respondent's appeal rights must, of necessity, trump the alleged bankruptcy 'rights' of this Debtor. Furthermore, any rights Flagler may have pale in comparison to those of the Respondent when viewed in light of [his] proven misconduct, deceptions, fraud, and abuse of process.

Given the preceding, Respondent, FRANCIS E. TEMPLIN, prays this Court to dismiss the request by the Movant, JOHN C. FLAGLER, to "terminate, discontinue and end" with prejudice Francis E. Templin v. John "Chris" Flagler, Northampton County Case No. CV2017-11088. In addition to the reasons previously set forth, and established herein, it must be seen that Flagler has been engaged in a willful and ongoing deception and fraud upon the Court; that Flagler has engaged in a scheme and pattern of conduct that amounts to an abuse of process; and that this conduct should so shock the Court as to order a **dismissal** of the Chapter 7 petition **with prejudice**. In addition, Respondent prays this Court to Order that Movant, John C. Flagler, immediately tender a check to pay the Respondent's fees for costs and time incurred in researching, preparing, and responding to this Motion and the Accompanying Brief.

Respondent desires the Court to take judicial notice of the following. Counsel for the Movant has requested, in his proposed ORDER, that the Respondent be ordered to pay counsel Seven Hundred Fifty (**$750.00**) dollars for "legal services and costs expended in bringing this Motion." Counsel's Motion consists of a three (3) page Motion for Contempt, a one (1) page proposed Order, a one (1) page Certificate of Service, a one (1) page Notice of Motion, and five (5) pages of Exhibits. By page count this equates to $68.18 per page.

Respondent's responsive pleading includes a three (3) Motion in Opposition, a seventeen (17) page Brief in Support of Respondent's Motion, a one (1) Certificate of Service, a one (1) Proof of Delivery and Service, and twelve (12) pages of Exhibits. Respondent avers that [his] time is no less valuable and important as that of opposing counsel. The Court can readily discern, the obvious and careful amount of research, preparation and detail reflected in the Respondent's responsive pleading, which is comparatively non-existent in Movant counsel's Motion. Were the Court so inclined as the use the "page count" as a basis for calculating an amount due Respondent, and using Movant counsel's Motion as a guidepost, one would arrive at **$2,318.12**.

**WHEREFORE**, the Movant, Respondent FRANCIS E. TEMPLIN, prays the Court to deny in its entirety the instant Motion propounded by the Movant, Debtor JOHN C. FLAGLER, and Dismiss with Prejudice the MOTION FOR CONTEMPT AND SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY BY FRANCIS TEMPLIN; that the Debtor, John C. Flagler, immediately tender a check to pay the Respondent's fees for costs and time incurred in researching, preparing, and responding to this Motion and the Accompanying Brief; and that counsel for Movant, JOHN C. FLAGLER, pay the Respondent's fees for costs and time incurred in researching, preparing, and responding to this Motion and the Accompanying Brief.

Respectfully submitted,

Francis E. Templin
Respondent/Creditor
6093 Old Rt. 22,
Bernville, PA 19506
484-869-4930
francistemplin@gmail.com