REBUTTAL
R-2

FRANCIS E. TEMPLIN,

         Plaintiff,

v.

JOHN "CHRIS" FLAGLER and A&R
FLAG CAR, jointly and severally,

         Defendants.

IN THE COURT OF COMMON PLEAS
OF BERKS COUNTY, PENNSYLVANIA
CIVIL DIVISION

NO. 17-18659

ASSIGNED: MADELYN S. FUDEMAN, J.

## ORDER

AND NOW, this _14th_ day of December, 2017, upon consideration of Plaintiff's

Motion for Leave to Amend the Complaint as to Named Defendants and the supporting

papers, it is hereby **ORDERED** that the Motion is **GRANTED**. The Prothonotary shall

enter on the docket the Amended Complaint attached to the Motion and adjust the parties

to this matter accordingly; this Order shall also serve to grant leave to discontinue the

action against Defendant John "Chris" Flagler.

It is further **ORDERED** that, in accordance with Pennsylvania Rule of Civil

Procedure 1033(b), because the only amendment with respect to the parties that remain as

defendants in this matter was the correction of the entity names, this amendment relates

back to the date of commencement of the action.

BY THE COURT:

MADELYN S. FUDEMAN, J.

U.S. BANKRUPTCY COURT
2018 MAR 12 AM 10:49
FILED

NOTICE IS HEREBY GIVEN OF THE ENTRY OF THIS
ORDER OR DECREE PURSUANT TO RULE P.C.P. 236
YOU ARE NOTIFIED THAT THIS ORDER/DOCUMENT
HAS BEEN FILED IN THE PROTHONOTARY'S OFFICE
OF BERKS COUNTY AND THIS IS AN EXTRACT FROM
THE RECORD OF SAID COURT CERTIFIED THIS
_____ DAY OF _Dec_ 20 _17_
Jonathan K. Del Collo, Acting Prothonotary
_____ Deputy

Received County of Berks Prothonotary's Office on 12/18/2017 9:22 AM Docket No. 17-18659

# IN THE COURT OF COMMON PLEAS OF BERKS COUNTY
## COMMONWEALTH OF PENNSYLVANIA

FRANCIS E. TEMPLIN,                      :        CIVIL DIVISION
                                         :
           Plaintiff,                :
                                         :        Case No.     **17-18659**
      v.                              :
                                         :
JOHN "CHRIS" FLAGLER &                   :        **COMPLAINT IN CIVIL ACTION**
A&R FLAG CAR, jointly and severally      :
                                         :
        Defendants              :        <u>**JURY TRIAL DEMANDED**</u>

*(stamp: RECEIVED PROTHONOTARY'S OFFICE, 2017 DEC 14 P 1:12, BERKS COUNTY, PA)*

## <u>PLAINTIFF'S MOTION AND SUPPORTING BRIEF FOR LEAVE TO</u>

## <u>AMEND COMPLAINT AS TO NAMED DEFENDANTS</u>

    Plaintiff, Francis E. Templin, hereby moves this Court for leave to file the attached Amended Complaint in this action, pursuant to PA. R.C.P. 1033 (a) and for the reasons set forth in the accompanying brief.  Plaintiff respectfully requests that this Court grant him leave to file the Amended Complaint because it will not prejudice the Defendants and sets forth newly discovered facts and claims. There has been no entry of appearance by any counsel on behalf of the Defendants.

Respectfully Submitted,

                                      **FRANCIS E. TEMPLIN**

Date: _12/14/2017_

                                    Francis E. Templin
                                    Plaintiff, Pro Se

                                    Francis E. Templin
                                    6093 Old Route 22
                                    Bernville, PA 19506
                                    Telephone: 484-869-4930
                                    francistemplin@gmail.com

# IN THE COURT OF COMMON PLEAS OF BERKS COUNTY
## COMMONWEALTH OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS E. TEMPLIN, | : | CIVIL DIVISION |
| Plaintiff, | : | |
| | : | Case No.    **17-18659** |
| v. | : | |
| | : | |
| JOHN "CHRIS" FLAGLER & | : | **COMPLAINT IN CIVIL ACTION** |
| A&R FLAG CAR, jointly and severally | : | |
| | : | |
| Defendants | : | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT AS TO NAMED DEFENDANTS

Plaintiff, Francis E. Templin, hereby submits this Brief in support of Plaintiff's Motion for Leave to File Amended Complaint, and hereby states as follows:

1.     A leave to amend "shall be freely given when justice so requires," and where there is no offense to the Court. A motion to amend should be denied only when (1) the non-moving party can demonstrate undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, (3) the amendment would prejudice the other party.

2.     There has been no undue delay, bad faith, or dilatory motive in this action.

3.     In the initial filing of the Complaint in Civil Action, same having been docketed with the Court on October 16, 2017, the defendants were identified as John "Chris" Flagler and A&R Flag Car. Upon review of a Chapter 7 bankruptcy petition filed by Defendant Flagler, it has been determined that the true business entities at issue are properly identified as A&R Flag Car, Inc., and A&R Flag Car, LLC.

4.     A Berks County Sheriff's Department Order for Service was submitted on

October 18, 2017, requesting that the Northampton County Sheriff be deputized for purposes of

out-of-county (foreign) service of the Complaint. According to the Sheriff's Office of Berks

County Return of Service the subject Complaint was served by the Sheriff of Northampton

County on October 31, 2017 upon a duly authorized representative of John "Chris" Flagler and

A&R Flag Car. Proper service of the Complaint has therefore been affected.

     5.      Plaintiff, on November 24, 2017, did submit a ten (10) day notice letter to the

Defendants, notifying the Defendants that they were in default for want of an Answer to

the Complaint. The record will reflect that Defendant Flagler signed the Certified Mail Return

Receipt on November 27, 2017.

     6.      The Court Docket will reflect that the Defendants did not file an Answer to the

original Complaint, and did not retain counsel to file an Answer to the original Complaint; that

the Complaint went into default; that the Defendants did not file a response to the 10-day default

notice letter, and did not retain counsel to file a response to the 10-day default notice letter.

     7.      The Defendants have shown no interest in defending against the Complaint, have

not retained counsel to represent their interests, and have undertaken no action to protect their

property, rights, or interests from potential jeopardy.

     8.      Given the information related herein, Plaintiff avers that the Defendants suffer no

ill effect from the dismissal of Defendant John "Chris" Flagler as an individual from the

Complaint, and the substitution of the proper business entities A&R Flag Car, Inc., and A&R

Flag Car, LLC, as the named Defendants in the Amended Complaint.

     9.      There are no material changes occurring to the original Complaint, save for the

proper identification of the business entities as the appropriately named Defendants in the

Amended Complaint. For this reason Plaintiff prays this Court to permit and continue the tolling

of the default date deriving from the original action.

     10.    Given the lack of interest displayed by the Defendants to the original Complaint,

and the failure of the Defendants to respond to the Complaint and notice of default, the Court

should not now allow the Defendants to derive any benefit from the filing of this Amended

Complaint. Plaintiff prays this Court to deny the Defendants to view the filing of this Amended

Complaint as having created a new window in which to file an Answer.

WHEREFORE, for the foregoing reasons, Plaintiff requests leave to file the Amended

Complaint attached hereto.


Respectfully Submitted,


**FRANCIS E. TEMPLIN**

Date: _12/14/2017_

Francis E. Templin
Plaintiff, Pro Se


Francis E. Templin
6093 Old Route 22
Bernville, PA 19506
Telephone: 484-869-4930
francistemplin@gmail.com

## IN THE COURT OF COMMON PLEAS OF BERKS COUNTY
## COMMONWEALTH OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS E. TEMPLIN, | : | CIVIL DIVISION |
| | : | |
| Plaintiff, | : | |
| | : | Case No.    **17-18659** |
| v. | : | |
| | : | |
| JOHN "CHRIS" FLAGLER & | : | **COMPLAINT IN CIVIL ACTION** |
| A&R FLAG CAR, jointly and severally | : | |
| | : | |
| | : | |
| Defendants | : | **JURY TRIAL DEMANDED** |

### VERIFICATION

I, Francis E. Templin, Plaintiff, aver that the statements contained in the foregoing Complaint in Civil Action are true and correct to the best of my information, knowledge and belief, and are made subject to the penalties of 18 Pa. Cont. Stat. Ann. 4904 relating to unsworn falsification to authorities.

Dated: _12/14/2017_

_____
Francis E. Templin

## IN THE COURT OF COMMON PLEAS OF BERKS COUNTY
## COMMONWEALTH OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS E. TEMPLIN, | : | CIVIL DIVISION |
| | : | |
| Plaintiff, | : | |
| | : | Case No.    **17-18659** |
| v. | : | |
| | : | |
| A&R FLAG CAR, INC, and | : | **AMENDED COMPLAINT IN CIVIL ACTION** |
| | : | |
| A&R FLAG CAR, LLC, jointly and severally | : | |
| | : | |
| | : | |
| Defendants | : | **JURY TRIAL DEMANDED** |

### AMENDED COMPLAINT IN CIVIL ACTION

AND NOW COMES PLAINTIFF, Francis E. Templin, and files the within Amended Complaint in Civil Action, and in support thereof, Plaintiff avers as follows:

### PARTIES

1.   Plaintiff, Francis E. Templin, is an adult individual with a principal address in Berks County, Commonwealth of Pennsylvania, at 6093 Old Route 22, Bernville, PA., 19506 (hereinafter "Plaintiff").

2.   Defendant, A&R Flag Car, Inc., is a corporation with a principal address in Northampton County, Commonwealth of Pennsylvania, at 1580 Clearfield Road, Wind Gap, PA., 18091.

3.   Defendant, A&R Flag Car, LLC, is a Limited Liability Company with a principal address in Northampton County, at 1580 Clearfield Road, Wind Gap, PA., 18091.

## FACTUAL BACKGROUND

4.  Plaintiff provided certain contracted pilot car services to the Defendants during the period of March, 2016 to August, 2017 inclusive.

5.  Defendants acted as brokers between trucking companies and pilot car businesses.

6.  Plaintiff tendered to the Defendants twenty-three (23) invoices for pilot car services rendered during the period May 12, 2017 to August 11, 2017.

7.  Plaintiff avers that the twenty-three (23) invoices at issue are for an amount greater than $9,600.00.

8.  Upon inquiry Plaintiff has determined that the Defendants have been paid by the customers (trucking companies) for the invoices and service dates at issue.

9.  Plaintiff avers that the twenty-three (23) invoices at issue have been properly tendered, and are payable and past due.

10. Defendants have not offered a compelling reason for failing to make full and timely payment to the Plaintiff for services rendered.

11. As a direct result of the Defendant's actions, Plaintiff sustained the following damages:

   a.  Present and future economic loss;

   b.  Business interruption;

   c.  Interfering with treatment for life threatening conditions;

   d.  Mental anguish and extreme emotional stress;

   e.  Loss of home and business premises;

   f.  Repossession of business vehicle;

   g. Loss of commercial lines insurance.

12. Plaintiff continues to suffer these damages, injuries, and consequences and will continue to do so for the foreseeable future.

## COUNT I

## DECEPTIVE BUSINESS PRACTICES

### As to Defendants A&R Flag Car, Inc., and A&R Flag Car, LLC,

#### Jointly and Severally

13.  The preceding paragraphs are herein incorporated by reference.

14.  Defendants employed Plaintiff to provide pilot car services to the financial benefit of
Defendants, with full knowledge that they had no intention of paying Plaintiff for services
rendered.

15.  Defendants were paid by their trucking company customers for the work performed by
Plaintiff, but failed to pay Plaintiff for those same services, withholding those proceeds for
their own financial benefit and enrichment.

16.  Defendants continued to employ the Plaintiff with the 'promise' that payment of invoices
would be forthcoming, and Plaintiff continued to provide services in anticipation thereof.

17.  Plaintiff does not have a contract, real, implied, inferred, or written, with the Defendant.

18.  Plaintiff has no contractual agreement or obligation to indemnify and/or hold-harmless
Defendants for any operations performed by Plaintiff.

19.  Defendants have implied that Plaintiff owed a duty to indemnify them for operations
performed by Plaintiff, and have deliberately withheld payment of the subject invoices  due to
the existence of a possible third-party subrogation claim.

20.  Defendants have no legal basis upon which to attempt to offset monies owed to Plaintiff,
for work and services performed, against a claim presented against Defendants by a third-party.

21.  Plaintiff had and has no duty or obligation to indemnify Defendants for any reason, nor to
provide any hold harmless favoring Defendants against any claim or claims presented by a third-
party, and Defendants have no legal basis or reasonable expectation for such indemnification.

22.  As a direct result of the Defendant's deceptive business practices, Plaintiff sustained the

following damages:

    a.  Present and future economic loss;

    b.  Business interruption;

    c.  Interfering with treatment for life threatening conditions;

    d.  Mental anguish and extreme emotional stress;

    e.  Loss of home and business premises;

    f.  Repossession of business vehicle;

    g. Loss of commercial lines insurance.

23.  Plaintiff continues to suffer these damages, injuries, and consequences and will continue
to do so for the foreseeable future.

24.  Directly and proximately as a result of the deceptive business practices of Defendants, the
Plaintiff sustained damages and is entitled by law to recover for the following damages:

    a.  Present and future economic loss;

    b.  Business interruption;

    c.  Interfering with treatment for life threatening conditions;

    d.  Mental anguish and extreme emotional stress;

    e.  Loss of home and business premises;

    f.  Repossession of business vehicle;

    g. Loss of commercial lines insurance.

**WHEREFORE, and as to Count I specifically,** Plaintiff demands judgment be entered in
his favor and against the Defendants, A&R Flag Car, Inc., and A&R Flag Car, LLC, jointly and
severally, in the amount of **$450,000.00 Dollars**, an amount in excess of the compulsory
arbitration limits, and for other such relief this Court may deem just and appropriate, **plus costs
of suit**.

## COUNT II

## COMMON LAW FRAUD

### As to Defendants A&R Flag Car, Inc., and A&R Flag Car, LLC,

#### Jointly and Severally

13. The preceding paragraphs are herein incorporated by reference.

14. Defendants employed Plaintiff to provide pilot car services to the financial benefit of Defendants, with full knowledge that they had no intention of paying Plaintiff for services rendered.

15. Defendants were paid by their trucking company customers for the work performed by Plaintiff, but failed to pay Plaintiff for those same services, withholding those proceeds for their own financial benefit and enrichment.

16. Defendants continued to employ the Plaintiff with the 'promise' that payment of invoices would be forthcoming, and Plaintiff continued to provide services in anticipation thereof.

17. Plaintiff does not have a contract, real, implied, inferred, or written, with the Defendant.

18. Plaintiff has no contractual agreement or obligation to indemnify and/or hold-harmless Defendants for any operations performed by Plaintiff.

19. Defendants have implied that Plaintiff owed a duty to indemnify them for operations performed by Plaintiff, and have deliberately withheld payment of the subject invoices  due to the existence of a possible third-party subrogation claim.

20. Defendants have no legal basis upon which to attempt to offset monies owed to Plaintiff, for work and services performed, against a claim presented against Defendants by a third-party.

21. Plaintiff had and has no duty or obligation to indemnify Defendants for any reason, nor to provide any hold harmless favoring Defendants against any claim or claims presented by a third-party, and Defendants have no legal basis or reasonable expectation for such indemnification.

22. As a direct result of the Defendant's fraudulent business practices, Plaintiff sustained the following damages:

   a.  Present and future economic loss;

   b.  Business interruption;

   c.  Interfering with treatment for life threatening conditions;

   d.  Mental anguish and extreme emotional stress;

   e.  Loss of home and business premises;

   f.  Repossession of business vehicle;

   g. Loss of commercial lines insurance.

23. Plaintiff continues to suffer these damages, injuries, and consequences and will continue to do so for the foreseeable future.

24. Directly and proximately as a result of the fraudulent business practices of Defendants, the Plaintiff sustained damages and is entitled by law to recover for the following damages:

   a.  Present and future economic loss;

   b.  Business interruption;

   c.  Interfering with treatment for life threatening conditions;

   d.  Mental anguish and extreme emotional stress;

   e.  Loss of home and business premises;

   f.  Repossession of business vehicle;

   g. Loss of commercial lines insurance.

**WHEREFORE, and as to Count II specifically,** Plaintiff demands judgment be entered in his favor and against the Defendants, A&R Flag Car, Inc., and A&R Flag Car, LLC, jointly and severally, in the amount of **$450,000.00 Dollars,** an amount in excess of the compulsory arbitration limits, and for other such relief this Court may deem just and appropriate, **plus costs of suit.**

## COUNT III

## DEMAND FOR PUNITIVE DAMAGES

### As to Defendants A&R Flag Car, Inc., and A&R Flag Car, LLC,

#### Jointly and Severally

25.  The preceding paragraphs are herein incorporated by reference.

26.  Defendants employed Plaintiff to provide pilot car services to the financial benefit of Defendants, with full knowledge that they had no intention of paying Plaintiff for such services.

27.  Defendants failed to respond to numerous requests for payment, occurring over several months, via U.S. Mail, fax, and text messaging.

28.  Despite Plaintiff's desperate and concerted efforts to correspond with the Defendants, occurring over several months, via U.S. Mail, fax, and text messaging, Defendants refused to respond.

29.  In an effort to collect payment for the twenty-three (23) invoices at issue, Plaintiff filed a Civil Complaint against the Defendants. On August 21, 2017, Plaintiff docketed said Civil Complaint with the District Court in Wind Gap, Pennsylvania. The Defendants were properly served and a Civil Action Hearing was scheduled for October 6, 2017. Defendant's sole and immediate response was to request a postponement of 45 days. Plaintiff avers that Defendants' action was unnecessary, and was nothing more than a delay tactic in an effort to avoid payment to the Plaintiff for as long as possible.

30. In an effort to further avoid payment to the Plaintiff, Defendants filed a Civil Complaint on September 2, 2017, based upon an allegation that was without merit, that was ill-considered, and that had no basis in law. The Plaintiff avers that Defendants knew, or should have known, that they could not hope to prevail on the stated cause of action. The Defendants proceeded in their Civil Complaint so as to avoid payment to the Plaintiff for as long as possible.

Defendants, in that Complaint, would have the Court believe that the Plaintiff owed some

duty or obligation to indemnify the Defendants for a third-party subrogation claim made against

Defendants. Plaintiff avers that this again was nothing more than a delay tactic and an effort to

thwart the underlying claim of the Plaintiff, in a desperate and concerted attempt to avoid

payment to the Plaintiff for as long as possible.

31. Plaintiff provided certain services to the Defendants with the full and reasonable

expectation of being paid for such services. Plaintiff incurred a significant time and mileage

expenditure for each service(s) date, and in addition had to pay, in advance, all of the out-of-

pocket expenses for each service(s) date, including but not limited to: fuel, tolls, maintenance,

lodging, food, and tolls. Defendants enjoyed the financial benefit derived from Plaintiff's

service(s), without making payment to the Plaintiff for those same services.

32. The preceding paragraphs constitute ***bad faith*** on the part of the Defendants. In

withholding payments properly owed to the Plaintiff, Defendants have deliberately and with

willful intent caused Plaintiff to:

     a. Sustain significant economic hardship;

     b. Suffer serious health problems;

     c. Suffer serious psychological problems;

     d. Lose his business and business prospects;

     e. Imperil his emotional well-being.

     The injuries and damages set forth herein are believed to be ongoing and permanent.

33. The preceding paragraphs constitute ***fraud*** on the part of the Defendants. In withholding

payments properly owed to the Plaintiff, Defendants have deliberately and with willful intent

caused Plaintiff to:

     a. Sustain significant economic hardship;

     b. Suffer serious health problems;

c. Suffer serious psychological problems;

d. Lose his business and business prospects;

e. Imperil his emotional well-being.

The injuries and damages set forth herein are believed to be ongoing and permanent.

34. The preceding paragraphs constitute *malice* on the part of the Defendants. In withholding payments properly owed to the Plaintiff, Defendants have deliberately and with willful intent caused Plaintiff to:

a. Sustain significant economic hardship;

b. Suffer serious health problems;

c. Suffer serious psychological problems;

d. Lose his business and business prospects;

e. Imperil his emotional well-being.

The injuries and damages set forth herein are believed to be ongoing and permanent.

35. The Defendants, jointly and severally, have acted intentionally, maliciously, and with utter disregard for the rights and interests of the Plaintiff. The behavior and actions of the Defendants, and the ongoing pattern of such conduct, warrant the imposition of punitive damages so as to deter such outrageous conduct in the future.

**WHEREFORE, and as to Count III specifically,** Plaintiff demands judgment for punitive damages be entered in his favor and against the Defendants, A&R Flag Car, Inc., and A&R Flag Car, LLC, jointly and severally, in the amount of **$500,000.00 Dollars**, and for other such relief this Court may deem just and appropriate, **plus costs of suit**.

Respectfully Submitted,

**FRANCIS E. TEMPLIN**

Date: _12/14/2017_

Francis E. Templin
Plaintiff, Pro Se

Francis E. Templin
6093 Old Route 22
Bernville, PA 19506
Telephone: 484-869-4930
francistemplin@gmail.com

# IN THE COURT OF COMMON PLEAS OF BERKS COUNTY
## COMMONWEALTH OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS E. TEMPLIN, | : | CIVIL DIVISION |
| | : | |
| Plaintiff, | : | |
| | : | Case No.    **17-18659** |
| v. | : | |
| | : | |
| A&R FLAG CAR, INC and | : | **AMENDED COMPLAINT IN CIVIL ACTION** |
| | | |
| A&R FLAG CAR, LLC,  jointly and severally | : | |
| | : | |
| | : | |
| Defendants | : | **JURY TRIAL DEMANDED** |

## VERIFICATION

I, Francis E. Templin, Plaintiff, aver that the statements contained in the foregoing Complaint in Civil Action are true and correct to the best of my information, knowledge and belief, and are made subject to the penalties of 18 Pa. Cons. Stat. Ann. 4904 relating to unsworn falsification to authorities.

Dated: __12/14/2017__

Francis E. Templin



REBUTTAL PHOTO 1

1580 CLEARFIELD ROAD

DEBTOR'S RESIDENCE

A+A FLAG CAR I LLC BUSINESS

LOCATION. BASE OF DRIVEWAY

AS STREET + PROPERTY LINE



1580 CLEARFIELD ROAD
DRIVEWAY
RESIDENCE IS AT END OF THE
DRIVEWAY, TO THE LEFT AND
OBSCURED BY TREES.

REBUTTAL PHOTO 2



REBUTTAL PHOTO 3

VIEW OF FLAGLER

RESIDENCE FROM STREET/

PROPERTY LINE, VIEW OF

RESIDENCE IS OBSCURED BY

TREES LINING DRIVEWAY



REBUTTAL PHOTO 4

VIEW OF CLEARFIELD

ROAD LOOKING WEST

FROM 1580, DRIVEWAY/

STREET PROPERTY LINE