# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | } | |
| | } | Chapter 7 |
| John C. Flagler | } | |
| | } | Bky. No. 17-16997 |
| Debtor | } | |
| | } | |



MEMORANDUM OF LAW

**Question:** Where the Debtor, as the individual member of a single-member LLC, filed Chapter 7 bankruptcy:

- Are the assets of the LLC property of the Debtor's bankruptcy estate?
- Can the individual Debtor claim the assets of the LLC as exempt?
- Does the bankruptcy filing of the individual Debtor stay the collection efforts of the LLC's creditors seeking to recover from the LLC's assets?

**Answer:** The answer to the posited questions is, NO. The individual and the LLC are separate legal entities, and the assets and liabilities of the individual are separate from the assets and liabilities of the LLC. See *In re Chang*, Bankr. S.D. Miss., Case No. 10-51012 NPO (DK#123); *In re Mondalo*, 412 B.R. 715 (Bankr. D. Md. 2006), aff'd, 266 F. App'x 272 (4th Cir. 2008); *In re Desmond*, 316 B.R. 593 (Bankr. D.N.H. 2004).

**Discussion:** In an individual Chapter 7 case, the debtor risks losing his business altogether. Although the *assets* of the LLC are not property of the bankruptcy estate, the LLC *membership interest* is subject to the control of the trustee. LLC

membership interests are intangible personal property. By example, even if the LLC interest has no obvious value, the trustee may have an opportunity to sell the LLC interest. Creatively, a competitor of a debtor's business may offer the trustee $10,000.00 for the LLC just to close the debtor's business and shut out the competition. For this reason, debtor's counsel must carefully consider the potential consequences before filing a bankruptcy case for an individual who operates his business through a single-member LLC.

Should counsel determine that it is in the best interest of an individual debtor with an LLC to file bankruptcy, it is of utmost importance that the schedules and statements properly reflect the membership interest in the LLC.

- The debtor should <u>not</u> include the assets of the LLC in the schedules.
- The debtor should include the membership interest in the LLC on Schedule B, Line 19 – "Stock and interests in incorporated and unincorporated businesses."
- The debtor should place a value on the membership interest in the LLC.

Upon the filing of a Chapter 7 petition, a Chapter 7 estate is formed consisting of all the debtor's property. The debtor's ownership interest in a membership in an LLC is property under state law and constitutes property of the debtor's estate. In this case the trustee would now hold and control the membership interest, but **not** the assets of the LLC – the assets of the LLC are **not** property of the member and do not automatically become property of the member's chapter 7 estate.

Movant opines that the LLC assets of A&R Flag Car 1 LLC are not property of the Debtor and therefore cannot become property of Flagler's bankruptcy estate. See 2 Collier on Bankruptcy 101.30{3], pg. 101-96 (15th ed. Rev.) (stating that "while

the individual's interest in the corporation (which could be 100%) would be property of the estate, the assets of the corporation would not be."); Ginsberg and Martin on Bankruptcy Sec 5.01[B] (stating that "the interest in question [an interest included in the estate] must be the debtor's property. For example, if the debtor owns shares in the corporation, the shares become part of the estate; the assets of the corporation do not.")

Bankruptcy courts confronted with this question in other contexts have also held that corporate assets cannot become part of the bankruptcy estate of the debtor shareholder. *In re Murray*, 147 B.R. 688, 690 (Bankr.E.D.Va. 1992) (denying the debtor's motion to enforce an automatic stay because b property owned by corporations of which debtor's husband was sole shareholder was not part of the bankruptcy estate because the debtor's equitable interests did not run to the property but only to the stock, and thus there was no present property interest); *In re Russel*, 121 B.R. 16, 17 (Bankr.W.D.Ark. 1990) (stating that "[a] corporation has a separate legal existence from its shareholders, and the corporation, not its shareholders, owns the corporate assets and owns the corporate debts."); *In re Normandin*, 106 B.R. 14, 16 (Bankr.D.Mass. 1989) (holding that Chapter 13 debtor shareholder was not entitled to as partition sale of a corporation in which he owned stock because ownership of capital stock did not extend to ownership of corporate assets).

Particularly compelling is *In re Desmond*, 316 B.R. 593 (Bankr. D. N.H. 2004). In *Desmond*, the Debtor filed a Chapter 11 petition and in his schedules he listed his 100% ownership interest in the LLC. Id. at 594-95. The court held that the LLC:

"is not a Debtor under the protection of [the Bankruptcy Code]. The actions taken by the Defendants against the LLC, are actions between two non-Debtor entities. Prior to the Debtor's filing of his complaint..., the Debtor treated [the LLC] as a separate entity...This Court, on the facts of this case, will not exercise its power to enjoin a creditor from pursuing its alleged rights against a non-Debtor LLC." Id. at 595."

In *Desmond*, the court determined that the action giving rise to the creditor's claim was one that had taken place prior to the filing of the bankruptcy petition – and therefore actions undertaken by creditors pursuant to the Debtor's pre-petition actions could not be enjoined by the Trustee. Id. at 595-96.

**Question:** Where the individual member of a single-member LLC files bankruptcy, what happens to the individual members' ownership and management interests? Or, how does a limited liability company member's chapter 7 bankruptcy impact management rights in a non-bankrupt limited liability company?

**Answer:** The United States Bankruptcy Code provides that any interest that a debtor holds in property as of the date of the debtor's bankruptcy filing becomes property of the debtor's bankruptcy estate. 11 U.S.C. 541©(1). In a chapter 7 bankruptcy case, a trustee will be appointed to, among other things, liquidate property of the debtor's bankruptcy estate for the ultimate payment of the debtor's creditors. 11 U.S.C 704(a)(1).

**Discussion:** Single member limited liability companies are especially prone to the exercise of management authority by a chapter 7 trustee. A significant number of bankruptcy courts have held that where the sole member of a SMLLC files a chapter 7 bankruptcy petition, the chapter 7 trustee acquires not only the debtor's economic interest in the limited liability company, but also the debtor's rights to control and manage the limited liability company. *In re Albright*, 291 B.R. 538

(Bankr. D. Colo. 2003); *In re A-Z Elecs., LLC*, 350 B.R. 886 (Bankr. D. Idaho 2006); *Monroe Capital, Inc. v. Frumsua* (*In re Frumusa*), No. 09-21527 2010 WL 1509291 \ (Bankr. W.D.N.Y. April 14, 2010). See also *In re Modanlo*, 412 B.R. 715 (Bankr. D. Md. 2006) (chapter 11 trustee appointed for limited liability company's sole member had the right to exercise management and governance rights in the limited liability company).

If a member of an LLC files for any type of bankruptcy protection, that member is automatically terminated from his position in the LLC, citing *In re Albright*, 291 B.R. 538 (Bankr. Court D, Colorado 2003), the debtor was the sole member of an LLC at the time the bankruptcy action was filed. Id at 539. Colorado's Limited Liability Company Act required a unanimous vote of the members for a transferee to be able to manage the LLC. Id at 540. Further, because the Trustee is merely a conduit for creditors in a bankruptcy action, Colorado law would only allow for a charging order on debtor's interest in the LLC in order to protect other LLC members from the Trustee stepping into a management position. Id. However, since debtor was the only member of the LLC, The Court reasoned that this need to protect other members was moot and that upon filing bankruptcy the debtor has essentially transferred all her rights in the LLC to the Trustee. Id at 541. The ruling from this case appears to be that when the sole member of a single member LLC files for bankruptcy, the Trustee can take that members' position within the company and direct the distribution of assets.

In the single-member, member-managed LLC, such as represented by A&R Flag Car LLC, that one member decides and acts for the LLC. Upon a chapter 7 bankruptcy, the trustee holds the membership for the benefit of creditors, and

may then act to dissolve and wind-up the LLC, whereupon the assets of the LLC would be liquidated first to pay off LLC creditors, such as Templin. Thus the LLC's net assets would be distributed to pay the member's creditors.

## Unpredictability of the SMLLC as a Shield

**Discussion:** Recent legal developments have pointed to shortcomings of the SMLLC as a corporate structure and uncertainty as to its viability for asset protection. The Florida Supreme Court's decision in *Olmstead v. FTC* permits courts to order debtors to surrender all rights, title, and interests in their SMLLC to satisfy an outstanding judgment, which raises serious questions about an SMLLC's ability to provide asset protection from creditors. Other findings in *In re Albright*, *In re A-Z Electronics, Inc*, *In re Modanlo*, *Cognex Corp. v. VCode Holdings, Inc.*, and *In re Desmond*, suggest that the SMLLC may fail to protect its owner from judgment creditors who aggressively pursue the SMLLC's assets. These cases also suggest that this form is not a bankruptcy-remote entity.

The SMLLC is a legal entity that is separate from its single-member owner, and for the most part offers the member owner protection from debts, obligations, and acts of the SMLLC. The SMLLC form has limitations. Because the SMLLC's owner may be deemed by the court as acting in representative capacity of the entity, the SMLLC may not protect its member from member's personal negligence and misconduct.

Two types of evidence contest the viability of the SMLLC as an entity choice: (1) the overall absence of case law that might support the SMLLC as an independent corporate structure that is separate from its single-member owner, *In*

*re Modanlo*, 412 B.R. at 727, and (2) the holdings in *In re Albright*, *In re A-Z Electronics*, *Cognex Corp. v. VCode Holdings, Inc*, and *In re Desmond*, and *Olmstead*. These cases make it clear that a single-member's assets are not protected and that an SMLLC is not a foolproof corporate structure

Despite its several benefits, the SMLLC can be subject to lawsuits by third parties. When the single-member owner fails to implement the SMLLC form comprehensively, case law shows that the court may not support the SMLLC as an independent corporate structure from its single-member owner. Historically, charging orders and piercing of the corporate veil have been the mechanisms by which creditors seek to satisfy judgments against an SMLLC debtor.

For the purposes of piercing the corporate veil, the SMLLC is treated as if it were a corporation. *See Hallowell v. Orleans Reg'l Hosp. LLC*, 217 F.3d 379, 390 (5th Cir. 2000). The basis for piercing of the veil is to protect entity's creditors from the damage caused by debtor's self-serving actions. *See Rogel v. Dubrinsky*, 337 Fed. Appx. 465, 469 (6th Cir. 2009). Existing case law on the piercing of the corporate veil suggests that because the SMLLC is a tax-disregarded entity, judges are persuaded "to pierce the veil more readily with an SMLLC than other limited liability companies. After the SMLLC's corporate veil is pierced, its debts are treated as personal obligations of its single-member owner. *See Rogel*, 337 Fed. Appx. 1t 470 (considering application of piercing of corporate veil doctrine against SMLLC). This requirement allows creditors to pursue the personal assets of the SMLLC's single member to satisfy their judgments.

Major case findings have clarified some important shortcomings of the SMLLC. First, they have signaled that an SMLLC is not a bankruptcy-remote

entity and that creditors can sidestep the limitations of a charging order. This affords the creditors the right to access the SMLLC's assets. Second, the courts have ruled that the SMLLC as an entity is not protected from creditors after its single-member owner files for bankruptcy. Additionally, the courts may treat an SMLLC as an alter ego of its owner by applying its own test, and disregard SMLLC's corporate form for the benefit of the creditors.

## Consequences of Court Rulings

### A.    In re Albright

The court held that a "charging order serves no purpose" in a SMLLC, because it is a single-member entity with no other parties' interests affected and "no non-debtors to protect." *In re Albright*, 291 B.R. 541 (Bankr. D. Colo. 2003). The *In re Albright* holding demonstrates an often fatal consequence when an SMLLC's owner files for bankruptcy. According to the holding, by filing bankruptcy the owner loses all control and management rights in its business to a bankruptcy trustee. The likelihood of a continued existence for an SMLLC is bleak after this transfer since the bankruptcy trustee is not interested in running the company but rather in gathering and liquidating its assets for the benefit of the SMLLC's owner's creditors.

The ability of the bankruptcy trustee to neglect corporate form and list an SMLC as an asset of its owner's bankruptcy signifies that SMLLC is not a bankruptcy-remote entity.

B.  **Desmond v. U.S. Asset Funding, LP (*In re Desmond*)**

Bob Desmond ("Debtor") was a sole owner of a Delaware LLC, Weaver Cove LLC ("SMLLC). *Desmond v. U.S. Asset Funding, LP* (*In re Desmond*), 316 B.R. 593, 594 (Bankr. D.N.H. 2004). Desmond filed for Chapter 11 bankruptcy and listed SMLLC as an asset, which was not a debtor or a party in Desmond's bankruptcy case. Id. The court held that as a sole owner of the SMLLC, the Debtor did not have the right to manage and control SMLLC and was subject to the court's approval "for actions taken outside the ordinary course of business." Id. at 595. The court found that since the SMLLC was not a debtor in bankruptcy, "nothing about the [Debtor's] individual bankruptcy deprived him of the right to take actions on behalf of [SMLLC]. Accordingly, the court held that it would not prevent creditors from pursuing their rights against the non-debtor SMLLC. *In re Desmond*, 316 B.R. at 595.

In re Desmond followed the precedent established in In re Albright. In re Desmond interpreted In re Albright to stand for "the proposition that a Chapter 7 trustee succeeds to the rights of a debtor who is a sole member of an LLC, absent an operating agreement to manage and control the LLC." Id. Again, the court disregarded the corporate formalities and viewed the SMLLC as an entity that was not protected from creditors after its single-owner filed for bankruptcy. Id.

C.  **In re A-Z Electronics**

In re A-Z Electronics upheld the application of In re Albright and signified that the bankruptcy trustee has the power to control and manage SMLLC after its single-owner files for individual bankruptcy. This case holds that after a single owner files for bankruptcy, he will lose all control and management rights over the

SMLLC, which may include the ability to file Chapter 11 reorganization generally allowed for businesses that petition for bankruptcy, if its owner has previously filed for individual bankruptcy. In re A-Z Electronics, LLC, 350 B.R. at 890.

## Conclusion

Counsel for the Debtor asserted in open court that the assets of A&R Flag Car 1 LLC ("SMLLC") were the property of and belonged to Flagler, and therefore no injunction or attempt to execute on the judgment or levy upon the assets of the LLC could go forward.

As demonstrated herein, case law and precedent clearly support the proposition that 1) the business assets of the SMLLC are not the property of the bankruptcy estate, 2) Flagler cannot claim the assets of the LLC as being exempt, and 3) the bankruptcy filing of the Flagler, individual debtor, does not stay Templin's collection efforts seeking to recover from the LLC's assets.

Submitted,

*[signature]*

Francis E. Templin