UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  JOHN C. FLAGLER,                :       Case No. 17-16997REF
      Debtor                          :       Chapter 7

# ORDER DETERMINING DAMAGES PAYABLE TO DEBTOR PURSUAND TO SANCTIONS MOTION

AND NOW, this 5 day of April, 2018, upon my consideration of Debtor's Motion for Contempt and Sanctions for Violation of the Automatic Stay by Francis E. Templin (the "Sanctions Motion"), and upon the testimony and documents presented at the hearing on the Sanctions Motion on February 12, 2018, and upon the memoranda submitted (1) by Debtor in support of the Sanctions Motion and (2) by Francis Templin ("Mr. Templin") in opposition to the Sanctions Motion, and upon my decision granting the Sanctions Motion on March 19, 2018, having never been presented with such blatant violations, as well as so many individual instances of violations, of the automatic stay as Mr. Templin's efforts to pursue Debtor, to establish a judgment or judgments against Debtor, and to collect on the judgment or judgments by having seized and sold Debtor's property, all after Debtor filed the above bankruptcy case, all with Mr. Templin's full knowledge of Debtor's bankruptcy, and all as evidenced by Debtor's uncontroverted production of exhibits that proved the violations, all of which

exhibits were admitted into evidence at the hearing,[1] upon Mr. Templin's response to Debtor's post-hearing memorandum falling far short of countering Debtor's arguments, and upon my decision on March 19, 2018, granting the Sanctions Motion, and upon my further direction on March 19, 2018, that April 4, 2018, was set as the date for a hearing for me to determine the nature and amounts of damage caused by Mr. Templin, as well as any other sanctions or penalties that ought to be assessed against Mr. Templin, and upon the hearing yesterday, April 4, 2018, to determine the amount of damages, and upon my issuance and entrance of a Bench Order establishing damages in the amount of $5,050 payable to Debtor by Mr. Templin ($4,050 for counsel's fees plus $1,000 to Debtor for stress, sleeplessness, depression, etc.), Which damages are based on the following:

1. Debtor's counsel spent 15.7 hours at an hourly rate of approximately $250/hour for time incurred in prosecuting the Sanctions Motion, which I find is reasonable, see Debtor's Exhibit

---

[1] Debtor's post-hearing memorandum itemized and described Mr. Templin's actions that constitute clear violations of the automatic stay. I quibbled with only one of his itemized instances of a stay violation. I disagreed with Debtor's Paragraph 5, in which he argued that Mr. Templin's frequent driving past Debtor's home constituted a violation of the stay. I was not convinced on the record then before me that Mr. Templin drove by the number of times Debtor alleges. Furthermore, I was not convinced on the record then before me that Mr. Templin's drive-bys constituted, in and of themselves, efforts to collect the amounts alleged to be due from Debtor. The allegations in Paragraph 5 were the only of Debtor's claims of stay violation with which I disagreed. All other allegations by Debtor accurately described violations of the stay by Mr. Templin.

No. 2, in which Counsel established that his compensation relating to the Sanctions Motion is $4,050; and

2. Debtor's credible testimony, which was corroborated by equally credible testimony of his wife, established that Mr. Templin's conduct in utter disregard of Debtor's bankruptcy and the automatic stay of Section 362, caused Debtor to be very depressed, irritable, and stressed, which caused Debtor to suffer from an extreme inability to sleep and increased physical problems such as an inability to control his blood pressure and blood sugar levels, with increased aches, pains, and sickliness.[2]

IT IS HEREBY ORDERED that the Bench Order issued and entered at yesterday's hearing granting damages pursuant to the Sanctions Motion IS HEREBY RATIFIED AND REAFFIRMED.

IT IS FURTHER ORDERED that Mr. Templin shall pay $5,050 to Debtor immediately as damages pursuant to and arising from my ruling on

---

[2] Debtor offered, and I rejected as inappropriately presented without a medical witness, testimony that his strokes and other serious medical maladies, and medications that resulted therefrom, arose from Mr. Templin's action. Without a medical witness, however, Debtor's testimony constituted either hearsay or expert testimony from a non-expert. As I said, I rejected this evidence of serious medical problems. I note that Mr. Templin, appearing, pro se, appeared uninformed about evidentiary rules and did not object to Debtor's testimony on this issue, but I intervened and stopped the inappropriate testimony.

the Sanctions Motion.

BY THE COURT

_____
Richard E. Fehling,
United States Bankruptcy Judge