# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | NO. 17-16997 |
| JOHN C. FLAGLER, | : | |
| Debtor | : | CHAPTER 7 |
| | : | |
| | : | 11 U.S.C. Section 523 |

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

**Part 1: Identify the appellant(s)**

1. Name(s) of appellant(s):

    Francis E. Templin

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

    For appeals in an adversary proceeding.

    ___ Plaintiff

    ___ Defendant

    ___ Other _____

    For appeals in a bankruptcy case and not in an adversary proceeding.

    ___ Debtor

    _X_ Creditor

    ___ Trustee

    ___ Other (describe) _____

**Part 2: Identify the subject of this appeal**

1. Describe the judgment, order, or decree appealed from:
   1) **Order Determining Damages Payable to Debtor Pursuant to Sanctions Motion.**
   2) **Order Denying Judicial Review Motion.**
   3) **Order Denying Dismissal Motion.**
   4) **Order Denying Rule 2004 Motion.**

2. State the date on which the judgment, order, or decree was entered: **April 5, 2018**

**Part 3: Identify the other parties to the appeal**

1. Party: **John C. Flagler**    Attorney:    Paul Edward Trainor
1275 Glenlivet Drive, Suite 100
Allentown, PA 18106-3107

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C.(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

_____ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

_/s/ [signature]_    Date: **13 April 2018**
Signature of attorney for appellant(s) (or
Appellant(s) if not represented by an attorney.

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

**Francis E. Templin**
**6093 Old Route 22**
**Bernville, PA 19506-8455**
**484-869-4930**

CC: Bayview Loan Servicing c/o Rebecca Ann Solarz - Creditor (electronically)
Robert D. Densmore - Creditor (mail)
Ralph J. Bellafatto - Creditor Atty (Electronically)
John C. Flagler - Debtor (mail)
Paul Edward Trainor - Debtor's Atty (Electronically)
Michael H. Kaliner - Trustee (Electronically)
Synchrony Bank - Creditor (mail)
Francis E. Templin - Creditor (mail)
United States Trustee (electronically)
Judge Richard E. Fehling (by hand delivery)
District Court (Electronically)

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: JOHN C. FLAGLER, : Case No. 17-16997REF
Debtor : Chapter 7

# ORDER

AND NOW, this 6 day of April, 2018, upon my consideration of the motion filed by Francis E. Templin ("Mr. Templin") for an examination of Debtor pursuant to Bankruptcy Rule 2004 (the "2004 Motion") and the response thereto filed by Debtor, and after a hearing on April 4, 2018 on the 2004 Motion, during which hearing I entered a Bench Order denying the 2004 Motion based upon my statements made in Court, in particular pursuant to my finding and conclusion that because the disputes between the parties arose in the midst of litigation of contested matters, the proper procedural vehicle for Mr. Templin to obtain the information he was seeking was through the discovery rules, not through a 2004 Motion,

IT IS HEREBY ORDERED that the Bench Order I entered on April 4, 2018, denying the 2004 Motion IS HEREBY REAFFIRMED.[1]

BY THE COURT

_____
RICHARD E. FEHLING
United States Bankruptcy Judge

---

[1] The April 4, 2018 hearing covered five different contested matters. I entered two Bench Orders during this hearing denying Mr. Templin's 2004 Motion. The first Bench Order, which was entered before most of the remaining contested matters had been heard, denied the 2004 Motion without prejudice to Mr. Templin's ability to obtain the information he was seeking through discovery. The second Bench Order, which was entered after the remaining contested matters had been heard, denied the 2004 Motion without mentioning whether the denial was with or without prejudice. Because the second Bench Order was silent on whether it was entered with or without prejudice, it is interpreted to be without prejudice to Mr. Templin's ability to obtain the information he was seeking through discovery, although all contested matters between the parties have now been heard and decided.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  JOHN C. FLAGLER,          :     Case No. 17-16997REF
Debtor                            :     Chapter 7

# **ORDER**

AND NOW, this 6 day of April, 2018, upon my consideration of the motion filed by Francis E. Templin ("Mr. Templin") to dismiss Chapter 7 petition of Debtor (the "Dismissal Motion") and the response filed by Debtor, and after a hearing on April 4, 2018, on the Dismissal Motion, during which hearing I entered a Bench Order denying the Dismissal Motion based upon my statements in Court, particularly pursuant to my finding and conclusion that the Dismissal Motion fundamentally seeks a denial of Debtor's discharge under Section 727,[1] for which an adversary complaint must be filed,[2] rather than by a motion for dismissal of this Chapter 7 bankruptcy case,

IT IS HEREBY ORDERED that the Bench Order I entered on April 4, 2018 denying Mr. Templin's Dismissal Motion IS HEREBY REAFFIRMED.

BY THE COURT

_____
RICHARD E. FEHLING
United States Bankruptcy Judge

---

[1] Mr. Templin acknowledged that I was correct in my determination that he filed the Dismissal Motion to prevent the debt allegedly owed to him by Debtor from being discharged.

[2] The deadline for filing an adversary complaint objecting to Debtor's discharge or the dischargeability of a debt owed by Debtor was February 13, 2018.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  JOHN C. FLAGLER,      :    Case No. 17-16997REF
       Debtor         :    Chapter 7

# **ORDER**

AND NOW, this 6 day of April, 2018, upon my consideration of the motion filed by Francis E. Templin ("Mr. Templin") for judicial review, determination, and order (the "Judicial Review Motion") and the response thereto filed by Debtor, and after hearing on April 4, 2018, on the Judicial Review Motion, during which hearing I entered a Bench Order denying the Judicial Review Motion based upon my statements made in Court, in particular pursuant to my finding and conclusion that neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure recognize such a motion,

IT IS HEREBY ORDERED that the Bench Order I entered on April 4, 2018 denying Mr. Templin's Judicial Review Motion IS HEREBY REAFFIRMED.

BY THE COURT

_____
RICHARD E. FEHLING
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  JOHN C. FLAGLER,              :         Case No. 17-16997REF
                Debtor                :         Chapter 7

# ORDER DETERMINING DAMAGES PAYABLE TO DEBTOR PURSUAND TO SANCTIONS MOTION

AND NOW, this 5 day of April, 2018, upon my consideration of Debtor's Motion for Contempt and Sanctions for Violation of the Automatic Stay by Francis E. Templin (the "Sanctions Motion"), and upon the testimony and documents presented at the hearing on the Sanctions Motion on February 12, 2018, and upon the memoranda submitted (1) by Debtor in support of the Sanctions Motion and (2) by Francis Templin ("Mr. Templin") in opposition to the Sanctions Motion, and upon my decision granting the Sanctions Motion on March 19, 2018, having never been presented with such blatant violations, as well as so many individual instances of violations, of the automatic stay as Mr. Templin's efforts to pursue Debtor, to establish a judgment or judgments against Debtor, and to collect on the judgment or judgments by having seized and sold Debtor's property, all after Debtor filed the above bankruptcy case, all with Mr. Templin's full knowledge of Debtor's bankruptcy, and all as evidenced by Debtor's uncontroverted production of exhibits that proved the violations, all of which

exhibits were admitted into evidence at the hearing,[1] upon Mr. Templin's response to Debtor's post-hearing memorandum falling far short of countering Debtor's arguments, and upon my decision on March 19, 2018, granting the Sanctions Motion, and upon my further direction on March 19, 2018, that April 4, 2018, was set as the date for a hearing for me to determine the nature and amounts of damage caused by Mr. Templin, as well as any other sanctions or penalties that ought to be assessed against Mr. Templin, and upon the hearing yesterday, April 4, 2018, to determine the amount of damages, and upon my issuance and entrance of a Bench Order establishing damages in the amount of $5,050 payable to Debtor by Mr. Templin ($4,050 for counsel's fees plus $1,000 to Debtor for stress, sleeplessness, depression, etc.), Which damages are based on the following:

1. Debtor's counsel spent 15.7 hours at an hourly rate of approximately $250/hour for time incurred in prosecuting the Sanctions Motion, which I find is reasonable, see Debtor's Exhibit

---

[1] Debtor's post-hearing memorandum itemized and described Mr. Templin's actions that constitute clear violations of the automatic stay. I quibbled with only one of his itemized instances of a stay violation. I disagreed with Debtor's Paragraph 5, in which he argued that Mr. Templin's frequent driving past Debtor's home constituted a violation of the stay. I was not convinced on the record then before me that Mr. Templin drove by the number of times Debtor alleges. Furthermore, I was not convinced on the record then before me that Mr. Templin's drive-bys constituted, in and of themselves, efforts to collect the amounts alleged to be due from Debtor. The allegations in Paragraph 5 were the only of Debtor's claims of stay violation with which I disagreed. All other allegations by Debtor accurately described violations of the stay by Mr. Templin.

No. 2, in which Counsel established that his compensation relating to the Sanctions Motion is $4,050; and

2. Debtor's credible testimony, which was corroborated by equally credible testimony of his wife, established that Mr. Templin's conduct in utter disregard of Debtor's bankruptcy and the automatic stay of Section 362, caused Debtor to be very depressed, irritable, and stressed, which caused Debtor to suffer from an extreme inability to sleep and increased physical problems such as an inability to control his blood pressure and blood sugar levels, with increased aches, pains, and sickliness.[2]

IT IS HEREBY ORDERED that the Bench Order issued and entered at yesterday's hearing granting damages pursuant to the Sanctions Motion IS HEREBY RATIFIED AND REAFFIRMED.

IT IS FURTHER ORDERED that Mr. Templin shall pay $5,050 to Debtor immediately as damages pursuant to and arising from my ruling on

---

[2] Debtor offered, and I rejected as inappropriately presented without a medical witness, testimony that his strokes and other serious medical maladies, and medications that resulted therefrom, arose from Mr. Templin's action. Without a medical witness, however, Debtor's testimony constituted either hearsay or expert testimony from a non-expert. As I said, I rejected this evidence of serious medical problems. I note that Mr. Templin, appearing, pro se, appeared uninformed about evidentiary rules and did not object to Debtor's testimony on this issue, but I intervened and stopped the inappropriate testimony.

the Sanctions Motion.

BY THE COURT

_____
Richard E. Fehling,
United States Bankruptcy Judge

008931    19608008939025