UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
THE MADISON
400 WASHINGTON STREET
SUITE 300
READING, PA  19601

Timothy B. McGrath                                                                   Telephone
Clerk                                                                           (610) 208-5040

April 13, 2018

Re:   John C. Flagler
Bankruptcy No.: 17-16997-ref

Dear Ms. Kate Barkman, Clerk of Court:

We herewith transmit the following document(s) filed in the above matter(s), together with a copy of the docket entries:

(**X**) Certificate of Appeal from Orders entered April 5, 2018 (one) and April 6, 2018 (three), by the Honorable Richard E. Fehling.
Notice of appeal filing fee (X ) paid        (   )not paid (waiver filed and approved)

( ) Designation of Record on Appeal Filed

( ) Designation of Record on Appeal Not Filed

( ) Supplemental certificate of appeal.

( ) Motion for leave to appeal filed ( ).
    ( ) Answer to motion filed ( ).

( ) Proposed findings of fact and conclusions of law entered ( ) by the Honorable ( ).
    ( ) Objections filed ( ).

( ) Report and recommendation entered ( ) by the Honorable ( ).

    ( ) Objections filed ( ).

( ) Original record transferred to the District Court pursuant to the order of the Honorable ( ).

( ) Other:

Kindly acknowledge receipt on the copy of the letter provided.

For the Court

Timothy B. McGrath

Clerk

By: /s/ Lisa Henry

Deputy Clerk

Received Above material or record tile this ___        day of _              _20     .

Civil Action No. _

Miscellaneous No. _

Assigned to Judge _

Signature:_

Date: _

BFL5.frm(rev 2/15)

**Repeat–PAEB, RepeatPACER, DISCHARGED, APPEAL**

# U.S. Bankruptcy Court
## Eastern District of Pennsylvania (Reading)
## Bankruptcy Petition #: 17–16997–ref

| | |
|---|---:|
| | *Date filed:* 10/16/2017 |
| *Assigned to:* Chief Judge Richard E. Fehling | *Debtor discharged:* 04/12/2018 |
| Chapter 7 | *341 meeting:* 12/15/2017 |
| Voluntary | *Deadline for filing claims (govt.):* 04/14/2018 |
| No asset | *Deadline for objecting to discharge:* 02/13/2018 |
| | *Deadline for financial mgmt. course:* 02/13/2018 |

*Debtor disposition:*  Standard Discharge

**Debtor**
**John C. Flagler**
1580 Clearfield Road
Wind Gap, PA 18091
NORTHAMPTON–PA
SSN / ITIN: xxx–xx–9504
Tax ID / EIN: 23–2951559
*aka* **John Christopher Flagler**
*aka* **John Flagler**

represented by **PAUL EDWARD TRAINOR**
Trainor Law Offices, PC
1275 Glenlivet Drive, Suite 100
Allentown, PA 18106–3107
(610) 434–7004
Fax : 484–224–2999
Email: trainorlawoffices@gmail.com

**Trustee**
**MICHAEL H KALINER**
Michael H. Kaliner Trustee
350 South Main Street
Suite 105
Doylestown, PA 18901
215–230–4250

represented by **MICHAEL H KALINER**
Michael H. Kaliner Trustee
350 South Main Street
Suite 105
Doylestown, PA 18901
215–230–4250
Email: mhkaliner@gmail.com

**U.S. Trustee**
**United States Trustee**
Office of the U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107
(215) 597–4411

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 10/16/2017 | | 1 | Chapter 7 Voluntary Petition for Individual . Fee Amount $335 Filed by John C. Flagler. Government Proof of Claim Deadline: 04/14/2018. (TRAINOR, PAUL) (Entered: 10/16/2017) |
| 10/16/2017 | | 2 | Matrix Filed. Number of pages filed: 2, Filed by PAUL EDWARD TRAINOR on behalf of John C. Flagler. (TRAINOR, PAUL) (Entered: 10/16/2017) |
| 10/16/2017 | | 3 | Statement of Social Security Number Received. Filed by PAUL EDWARD TRAINOR on behalf of John C. Flagler. (TRAINOR, PAUL) (Entered: 10/16/2017) |

| | | | |
|---|---|---|---|
| 10/16/2017 | | 4 | Chapter 7 Statement of Your Current Monthly Income Form 122A–1 Filed by PAUL EDWARD TRAINOR on behalf of John C. Flagler. (TRAINOR, PAUL) (Entered: 10/16/2017) |
| 10/16/2017 | | 5 | Certificate of Credit Counseling Filed by PAUL EDWARD TRAINOR on behalf of John C. Flagler. (TRAINOR, PAUL) (Entered: 10/16/2017) |
| 10/16/2017 | | 6 | Name of Trustee assigned to case: MICHAEL H KALINER, Meeting of Creditors with 341(a) meeting to be held on 12/15/2017 at 08:30 AM at afc – Allentown Courthouse. Objections for Discharge due by 02/13/2018. Financial Management Course due by 02/13/2018. (Administration, Automatic) (Entered: 10/16/2017) |
| 10/16/2017 | | | Receipt of Voluntary petition (Chapter 7)(17–16997) [misc,volp7a] ( 335.00) Filing Fee. Receipt number 19356099. Fee Amount $ 335.00. (re: Doc# 1) (U.S. Treasury) (Entered: 10/16/2017) |
| 10/17/2017 | | 7 | Notice of Meeting of Creditors. Request submitted to BNC for mailing (related document(s) 6 ). (L., Denise) (Entered: 10/17/2017) |
| 10/19/2017 | | 8 | Order to Appear and Show Cause why case should not be dismissed for failure to amend caption. Hearing scheduled 11/2/2017 at 11:00 AM at mad – Courtroom 1, Third Floor (Reading Court). (B., Keith) (Entered: 10/19/2017) |
| 10/19/2017 | | 9 | Amended Document *Amended Voluntary Petition to remove A and R Flag Car, Inc. and A and R Flag Car 1, LLC from the caption* Filed by PAUL EDWARD TRAINOR on behalf of John C. Flagler (related document(s)1). (TRAINOR, PAUL) (Entered: 10/19/2017) |
| 10/19/2017 | | 10 | BNC Certificate of Mailing – Meeting of Creditors. Number of Notices Mailed: (related document(s) (Related Doc # 7)). No. of Notices: 13. Notice Date 10/19/2017. (Admin.) (Entered: 10/20/2017) |
| 10/20/2017 | | 11 | Notice of Appearance and Request for Notice by RALPH J. BELLAFATTO Filed by RALPH J. BELLAFATTO on behalf of Robert D. Densmore. (BELLAFATTO, RALPH) (Entered: 10/20/2017) |
| 10/21/2017 | | 12 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 8)). No. of Notices: 1. Notice Date 10/21/2017. (Admin.) (Entered: 10/22/2017) |
| 10/22/2017 | | 13 | Creditor Request for Notices Filed by Synchrony Bank. (Smith, Valerie) (Entered: 10/22/2017) |
| 10/25/2017 | | 14 | Debtor Education Financial Management Course Certificate Filed for Debtor. Filed by PAUL EDWARD TRAINOR on behalf of John C. Flagler. (TRAINOR, PAUL) (Entered: 10/25/2017) |
| 11/28/2017 | | 15 | Amended Schedule E/F: Creditors Who Have Unsecured Claims Fee Amount $31 Filed by PAUL EDWARD TRAINOR on behalf of John C. Flagler. (Attachments: # 1 Service List) (TRAINOR, PAUL) (Entered: 11/28/2017) |
| 11/28/2017 | | | Receipt of Schedule E/F – (for first filing and amendments)(17–16997–ref) [misc,schef] ( 31.00) Filing Fee. Receipt number 19523075. Fee Amount $ 31.00. (re: Doc# 15) (U.S. Treasury) (Entered: 11/28/2017) |

| | | | |
|---|---|---|---|
| 11/28/2017 | | 16 | Amendment to List of Creditors. Fee Amount $31 Number of Pages Filed: 2, Filed by PAUL EDWARD TRAINOR on behalf of John C. Flagler. (TRAINOR, PAUL) (Entered: 11/28/2017) |
| 12/01/2017 | | | Receipt of Amended List of Creditors (Fee)(17–16997–ref) [misc,amdcm] ( 31.00) Filing Fee. Receipt number Fee Not Applicable. Fee Amount $ 31.00. (re: Doc# 16) (L.) (Entered: 12/01/2017) |
| 12/04/2017 | | 17 | Amended Schedule A/B Filed by PAUL EDWARD TRAINOR on behalf of John C. Flagler. (TRAINOR, PAUL) (Entered: 12/04/2017) |
| 12/04/2017 | | 18 | Amended Schedule C Filed by PAUL EDWARD TRAINOR on behalf of John C. Flagler. (TRAINOR, PAUL) (Entered: 12/04/2017) |
| 12/17/2017 | | | Meeting of Creditors Held and Concluded on: 12/15/2017. (KALINER, MICHAEL) (Entered: 12/17/2017) |
| 12/17/2017 | | | Chapter 7 Trustee's Report of No Distribution: having been appointed trustee of the estate of the above–named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above–named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 2 months. Assets Abandoned (without deducting any secured claims): $ 199851.00, Assets Exempt: $ 24551.73, Claims Scheduled: $ 790985.55, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 790985.55. Filed by MICHAEL H KALINER. (KALINER, MICHAEL) (Entered: 12/17/2017) |
| 12/21/2017 | | 19 | Letter from creditor to Debtor's counsel, cc to court Filed by Francis E. Templin . (B., Keith) (Entered: 12/22/2017) |
| 01/10/2018 | | 20 | Motion For Contempt by Francis E. Templin Filed by John C. Flagler Represented by PAUL EDWARD TRAINOR (Counsel). (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Proposed Order # 6 Service List) (TRAINOR, PAUL) (Entered: 01/10/2018) |
| 01/10/2018 | | 21 | Notice of (related document(s): 20 Motion For Contempt by Francis E. Templin) Filed by John C. Flagler. Hearing scheduled 2/8/2018 at 09:30 AM at mad – Courtroom 1, Third Floor (Reading Court). (TRAINOR, PAUL) (Entered: 01/10/2018) |
| 01/10/2018 | | 22 | Notice of Appearance and Request for Notice by REBECCA ANN SOLARZ Filed by REBECCA ANN SOLARZ on behalf of BAYVIEW LOAN SERVICING, LLC. (SOLARZ, REBECCA) (Entered: 01/10/2018) |
| 01/18/2018 | | 23 | Respondent's Motion In Opposition to Debtor's Motion For Contempt by Francis E. Templin Filed by John C. Flagler Represented by PAUL EDWARD TRAINOR Filed by Francis E. Templin (related document(s)20). (Attachments: # 1 Exhibit 1 # 2 Certificate of Service) (B., Keith) (Entered: 01/18/2018) |

| | | | |
|---|---|---|---|
| 01/18/2018 | | 24 | Brief in Support of Respondent's Motion In Opposition to Debtor's Motion For Contempt by Francis E. Templin Filed by John C. Flagler Represented by PAUL EDWARD TRAINOR Filed by Francis E. Templin Filed by Francis E. Templin (related document(s)23). (B., Keith) (Entered: 01/18/2018) |
| 01/22/2018 | | 25 | Amended First Page to Amend Caption, re: Respondent's Motion In Opposition to Debtor's Motion For Contempt by Francis E. Templin Filed by John C. Flagler Represented by PAUL EDWARD TRAINOR Filed by Francis E. Templin Filed by Francis E. Templin (related document(s)23). (B., Keith) (Entered: 01/22/2018) |
| 01/29/2018 | | 26 | Amended Schedule A/B Filed by PAUL EDWARD TRAINOR on behalf of John C. Flagler. (TRAINOR, PAUL) (Entered: 01/29/2018) |
| 01/29/2018 | | 27 | Amended Schedule C Filed by PAUL EDWARD TRAINOR on behalf of John C. Flagler. (TRAINOR, PAUL) (Entered: 01/29/2018) |
| 01/29/2018 | | 28 | Statement of Financial Affairs for Individual *Amended* Filed by PAUL EDWARD TRAINOR on behalf of John C. Flagler. (TRAINOR, PAUL) (Entered: 01/29/2018) |
| 02/06/2018 | | 29 | Brief *in Support of Motion for Contempt of and Sanctions for Violation of the Automatic Stay by Francis E. Templin* Filed by PAUL EDWARD TRAINOR on behalf of John C. Flagler (related document(s)20). (Attachments: # 1 Service List) (TRAINOR, PAUL) (Entered: 02/06/2018) |
| 02/08/2018 | | 30 | Respondent's Answer and Brief in Opposition to Movant's Brief in Support of Contempt of and Sanctions for Violations of the Automatic Stay Filed by Francis E. Templin (related document(s)29). (Attachments: # 1 Certificate of Service # 2 Exhibit) (B., Keith) (Entered: 02/08/2018) |
| 02/08/2018 | | | Hearing Continued on 20 Motion For Contempt *by Francis E. Templin* Filed by John C. Flagler Represented by PAUL EDWARD TRAINOR (Counsel). Hearing scheduled 2/12/2018 at 09:30 AM at mad – Courtroom 1, Third Floor (Reading Court). (S., Barbara) (Entered: 02/08/2018) |
| 02/08/2018 | | 31 | Motion to Dismiss Chapter 7 Petition for Cause Filed by Francis E. Templin Represented by Self(Counsel). (Attachments: # 1 Certificate of Service) (B., Keith) (Entered: 02/08/2018) |
| 02/08/2018 | | 32 | Notice of (related document(s): 31 Motion to Dismiss Chapter 7 Petition for Cause Filed by Francis E. Templin. Hearing scheduled 3/8/2018 at 09:30 AM at mad – Courtroom 1, Third Floor (Reading Court). (Attachments: # 1 Certificate of Service) (B., Keith) (Entered: 02/08/2018) |
| 02/12/2018 | | 33 | PDF with attached Audio File. Court Date & Time [ 2/12/2018 9:29:24 AM ]. File Size [ 56900 KB ]. Run Time [ 03:57:05 ]. (cspeak). (Entered: 02/12/2018) |
| 02/12/2018 | | 34 | Hearing Held on 20 Motion For Contempt by Francis E. Templin Filed by John C. Flagler Represented by PAUL EDWARD TRAINOR (related document(s),20). (**MATTER TAKEN UNDER ADVISEMENT** Memos due by 2/26/18 and 3/12/18 as described in court.)(Motion to dismiss hearing moved from 3/8/18 to 3/23/18 at 1pm) (B., Keith) (Entered: 02/13/2018) |

4

| | | | |
|---|---|---|---|
| 02/13/2018 | | 35 | Hearing Rescheduled, re: 31 Motion to Dismiss Chapter 7 Petition for Cause Filed by Francis E. Templin. Hearing scheduled 3/23/2018 at 01:00 PM at mad – Courtroom 1, Third Floor (Reading Court). (B., Keith) (Entered: 02/13/2018) |
| 02/15/2018 | | 36 | Response to Motion to Dismiss Case for Other filed by Creditor Francis E. Templin Filed by John C. Flagler (related document(s)31). (Attachments: # 1 Service List) (TRAINOR, PAUL) (Entered: 02/15/2018) |
| 02/15/2018 | | 37 | BNC Certificate of Mailing – Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # 35)). No. of Notices: 2. Notice Date 02/15/2018. (Admin.) (Entered: 02/16/2018) |
| 02/22/2018 | | 38 | Memorandum in Support of *Post Hearing Memorandum* Filed by PAUL EDWARD TRAINOR on behalf of John C. Flagler (related document(s)20). (Attachments: # 1 Service List) (TRAINOR, PAUL) (Entered: 02/22/2018) |
| 03/02/2018 | | 39 | Motion for Relief from Stay *re: 1580 Clearfield Road, Wind Gap, PA, 18091*. Fee Amount $181.00, Filed by BAYVIEW LOAN SERVICING, LLC Represented by REBECCA ANN SOLARZ (Counsel). Objections due by 3/16/2018. (Attachments: # 1 Proposed Order # 2 Exhibit # 3 Service List) (SOLARZ, REBECCA) (Entered: 03/02/2018) |
| 03/02/2018 | | 40 | Notice of (related document(s): 39 Motion for Relief from Stay *re: 1580 Clearfield Road, Wind Gap, PA, 18091*. Fee Amount $181.00,) Filed by BAYVIEW LOAN SERVICING, LLC. Hearing scheduled 3/22/2018 at 09:30 AM at mad – Courtroom 1, Third Floor (Reading Court). (Attachments: # 1 Service List) (SOLARZ, REBECCA) (Entered: 03/02/2018) |
| 03/02/2018 | | | Receipt of Motion for Relief From Stay(17–16997–ref) [motion,mrlfsty] ( 181.00) Filing Fee. Receipt number 19875138. Fee Amount $ 181.00. (re: Doc# 39) (U.S. Treasury) (Entered: 03/02/2018) |
| 03/06/2018 | | 41 | Respondent's Answer filed as Post Hearing Memorandum in Opposition to Motion For Contempt by Francis E. Templin Filed by John C. Flagler Represented by PAUL EDWARD TRAINOR Filed by John C. Flagler (related document(s)20). (Attachments: # 1 Certificate of Service) (B., Keith) (Entered: 03/06/2018) |
| 03/12/2018 | | 42 | Rubuttal re: Memorandum in Support of Post Hearing Memorandum Filed by PAUL EDWARD TRAINOR on behalf of John C. Flagler Filed by Francis E. Templin (related document(s)38). (B., Keith) (Entered: 03/12/2018) |
| 03/12/2018 | | 43 | Motion for Judicial Review, Determination and Order Filed by Francis E. Templin Represented by Self(Counsel). (Attachments: # 1 Exhibit) (B., Keith) (Entered: 03/13/2018) |
| 03/12/2018 | | 44 | Memorandum in Support of Motion for Judicial Review, Determination and Order Filed by Francis E. Templin Filed by Francis E. Templin (related document(s)43). (B., Keith) (Entered: 03/13/2018) |
| 03/12/2018 | | 45 | Notice of (related document(s): 43 Motion for Judicial Review, Determination and Order Filed by Francis E. Templin) Filed by Francis E. Templin . Hearing scheduled 4/12/2018 at 09:30 AM at mad – Courtroom 1, Third Floor (Reading Court). (B., Keith) (Entered: 03/13/2018) |

| | | | |
|---|---|---|---|
| 03/13/2018 | | <u>46</u> | Response to Motion for Relief From Stay filed by Creditor BAYVIEW LOAN SERVICING, LLC Filed by John C. Flagler (related document(s)<u>39</u>). (Attachments: # <u>1</u> Service List) (TRAINOR, PAUL) (Entered: 03/13/2018) |
| 03/15/2018 | | <u>47</u> | Response to Generic Motion filed by Creditor Francis E. Templin Filed by John C. Flagler (related document(s)<u>43</u>). (Attachments: # <u>1</u> Service List) (TRAINOR, PAUL) (Entered: 03/15/2018) |
| 03/15/2018 | | <u>48</u> | Motion for 2004 Examination Filed by Francis E. Templin Represented by Self(Counsel). (Attachments: # <u>1</u> Certificate of Service) (B., Keith) (Entered: 03/15/2018) |
| 03/15/2018 | | <u>49</u> | Notice of (related document(s): <u>48</u> Motion for 2004 Examination Filed by Francis E. Templin. Hearing scheduled 4/5/2018 at 09:30 AM at mad – Courtroom 1, Third Floor (Reading Court). (B., Keith) (Entered: 03/15/2018) |
| 03/15/2018 | | <u>50</u> | Second Motion For Contempt *of the Automatic Stay by Francis E. Templin* Filed by John C. Flagler Represented by PAUL EDWARD TRAINOR (Counsel). (Attachments: # <u>1</u> Exhibit # <u>2</u> Exhibit # <u>3</u> Exhibit # <u>4</u> Proposed Order # <u>5</u> Service List) (TRAINOR, PAUL) (Entered: 03/15/2018) |
| 03/15/2018 | | <u>51</u> | Notice of (related document(s): <u>50</u> Second Motion For Contempt *of the Automatic Stay by Francis E. Templin*) Filed by John C. Flagler. Hearing scheduled 4/12/2018 at 09:30 AM at mad – Courtroom 1, Third Floor (Reading Court). (TRAINOR, PAUL) (Entered: 03/15/2018) |
| 03/19/2018 | | <u>52</u> | Order that the <u>20</u> Motion For Contempt and Sanctions for Violation of the Automatic Stay *by Francis E. Templin* Filed by John C. Flagler Represented by PAUL EDWARD TRAINOR is GRANTED.....FURTHER ORDERED that a hearing to determine the nature and amounts of damage caused by Mr. Templin, as well as any other sanction or penalties that ought to be assessed against M. Templin will be held 4/4/2018 at 10:00 AM at mad – Courtroom 1, Third Floor (Reading Court). (H., Lisa) (Entered: 03/19/2018) |
| 03/20/2018 | | <u>53</u> | Response to Motion for Examination filed by Creditor Francis E. Templin Filed by John C. Flagler (related document(s)<u>48</u>). (Attachments: # <u>1</u> Service List) (TRAINOR, PAUL) (Entered: 03/20/2018) |
| 03/20/2018 | | <u>54</u> | Omnibus Scheduling Order re:<u>31</u> Motion to Dismiss Chapter 7 Petition for Cause Filed by Francis E. Templin <u>43</u> Motion for Judicial Review, Determination and Order Filed by Francis E. Templin <u>48</u> Motion for 2004 Examination Filed by Francis E. Templin <u>50</u> Second Motion For Contempt of the Automatic Stay by Francis E. Templin Filed by John C. Flagler Represented by PAUL EDWARD TRAINOR. Hearing scheduled 4/4/2018 at 10:00 AM at mad – Courtroom 1, Third Floor (Reading Court). (B., Keith) (Entered: 03/20/2018) |
| 03/21/2018 | | <u>55</u> | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # <u>52</u>)). No. of Notices: 3. Notice Date 03/21/2018. (Admin.) (Entered: 03/22/2018) |
| 03/22/2018 | | | Hearing Continued on <u>39</u> Motion for Relief from Stay *re: 1580 Clearfield Road, Wind Gap, PA, 18091* Filed by BAYVIEW LOAN SERVICING, LLC Represented by REBECCA ANN SOLARZ (Counsel). Hearing scheduled 4/19/2018 at 09:30 AM at mad – Courtroom 1, Third Floor (Reading Court). (S., Barbara) (Entered: 03/22/2018) |

| | | | |
|---|---|---|---|
| 03/22/2018 | | 56 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 54)). No. of Notices: 2. Notice Date 03/22/2018. (Admin.) (Entered: 03/23/2018) |
| 04/04/2018 | | 57 | Response to Second Motion For Contempt of the Automatic Stay by Francis E. Templin Filed by John C. Flagler Represented by PAUL EDWARD TRAINOR (related document(s)50). (Attachments: # 1 Certificate of Service) (B., Keith) (Entered: 04/04/2018) |
| 04/04/2018 | | 58 | Hearing Held on 20 Motion For Contempt by Francis E. Templin Filed by John C. Flagler Represented by PAUL EDWARD TRAINOR 31 Motion to Dismiss Chapter 7 Petition for Cause Filed by Francis E. Templin 43 Motion for Judicial Review, Determination and Order Filed by Francis E. Templin 48 Motion for 2004 Examination Filed by Francis E. Templin 50 Second Motion For Contempt of the Automatic Stay by Francis E. Templin Filed by John C. Flagler Represented by PAUL EDWARD TRAINOR filed by Debtor John C. Flagler (related document(s),20,43,31,48,50). (**BENCH ORDER ENTERED** Re: 20 Motion for Contempt – *Damages are $4050 attorney's fees and $1000 stress, sleeplessness, etc.*; 31 Motion to Dismiss – ***DENIED*** *because it seeks to avoid discharge in a motion rather than an adversary* proceeding; 43 Motion for Judicial Review – ***DENIED*** ; 48 Motion for 2004 Examination – ***DENIED*** ; 50 Second Motion For Contempt – ***DENIED*** ; ***Written orders to be ordered in each of the 5 motions.*** (B., Keith) (Entered: 04/04/2018) |
| 04/04/2018 | | 59 | PDF with attached Audio File. Court Date & Time [ 4/4/2018 10:02:02 AM ]. File Size [ 41420 KB ]. Run Time [ 02:52:35 ]. (cspeak). (Entered: 04/04/2018) |
| 04/05/2018 | | 60 | Order Denying Second Motion For Contempt of the Automatic Stay by Francis E. Templin Filed by John C. Flagler Represented by PAUL EDWARD TRAINOR (Related Doc # 50) (B., Keith) (Entered: 04/05/2018) |
| 04/05/2018 | | 61 | Order Determining Damages Payable to Debtor Pursuant to Sanctions Motion (Related Doc # 20) ($5050 due in damages – Damages are $4050 attorney's fees and $1000 for stress, sleeplessness, etc.) (B., Keith) (Entered: 04/05/2018) |
| 04/06/2018 | | 62 | Order Reaffirming the Bench Order of April 4, 2018 Denying Motion to Dismiss Chapter 7 Petition for Cause Filed by Francis E. Templin (Related Doc # 31) (B., Keith) (Entered: 04/06/2018) |
| 04/06/2018 | | 63 | Order Reaffirming the Bench Order of April 4, 2018 Denying Motion for Judicial Review, Determination and Order Filed by Francis E. Templin (Related Doc # 43) (B., Keith) (Entered: 04/06/2018) |
| 04/06/2018 | | 64 | Order Reaffirming the Bench Order of April 4, 2018 Denying Motion for 2004 Examination Filed by Francis E. Templin (Related Doc # 48) (B., Keith) (Entered: 04/06/2018) |
| 04/07/2018 | | 65 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 60)). No. of Notices: 3. Notice Date 04/07/2018. (Admin.) (Entered: 04/08/2018) |
| 04/07/2018 | | 66 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 61)). No. of Notices: 3. Notice Date 04/07/2018. (Admin.) |

| | | | |
|---|---|---|---|
| | | | (Entered: 04/08/2018) |
| 04/08/2018 | | 67 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 62)). No. of Notices: 3. Notice Date 04/08/2018. (Admin.) (Entered: 04/09/2018) |
| 04/08/2018 | | 68 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 63)). No. of Notices: 3. Notice Date 04/08/2018. (Admin.) (Entered: 04/09/2018) |
| 04/08/2018 | | 69 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 64)). No. of Notices: 3. Notice Date 04/08/2018. (Admin.) (Entered: 04/09/2018) |
| 04/11/2018 | | 70 | Praecipe to Withdraw *Motion for Relief from Stay re: 1580 Clearfield Road, Wind Gap, PA, 18091.* Filed by REBECCA ANN SOLARZ on behalf of BAYVIEW LOAN SERVICING, LLC (related document(s)39). (SOLARZ, REBECCA) (Entered: 04/11/2018) |
| 04/12/2018 | | 71 | Order Discharging Debtor (Admin.) (Entered: 04/12/2018) |
| 04/13/2018 | | 72 | Notice of Appeal to District Court. . Receipt Number 20077862, Fee Amount $298.00 Filed by Francis E. Templin (related document(s)64, 63, 62, 61). Appellant Designation due by 4/27/2018. Transmission of record on appeal to District Court Due Date:5/11/2018. (Attachments: # 1 Copy of Orders)(H., Lisa) (Entered: 04/13/2018) |
| 04/13/2018 | | 73 | Court's Certificate of Mailing. Number of notices: 11. Copies to Judge Richard E. Fehling. Electronic Service to: Bayview Loan Servicing c/o Rebecca Ann Solarz, Ralph J. Bellafatto, Paul Edward Trainor, Trustee Michael H. Kaliner, United States Trustee and District Court. Mailed copies to: Robert D. Densmore, John C. Flagler, Synchrony Bank, Francis E. Templin. Service made 4/13/18 by the Court (related document(s)72). (H., Lisa) (Entered: 04/13/2018) |

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  JOHN C. FLAGLER,                    :          Case No. 17-16997REF

　　　　Debtor                              :          Chapter 7

# <u>ORDER DETERMINING DAMAGES PAYABLE TO</u> <u>DEBTOR PURSUAND TO SANCTIONS MOTION</u>

AND NOW, this 5 day of April, 2018, upon my consideration of

Debtor's Motion for Contempt and Sanctions for Violation of the Automatic Stay

by Francis E. Templin (the "Sanctions Motion"), and upon the testimony and

documents presented at the hearing on the Sanctions Motion on February 12, 2018,

and upon the memoranda submitted (1) by Debtor in support of the Sanctions

Motion and (2) by Francis Templin ("Mr. Templin") in opposition to the Sanctions

Motion, and upon my decision granting the Sanctions Motion on March 19, 2018,

having never been presented with such blatant violations, as well as so many

individual instances of violations, of the automatic stay as Mr. Templin's efforts to

pursue Debtor, to establish a judgment or judgments against Debtor, and to collect

on the judgment or judgments by having seized and sold Debtor's property, all

after Debtor filed the above bankruptcy case, all with Mr. Templin's full

knowledge of Debtor's bankruptcy, and all as evidenced by Debtor's

uncontroverted production of exhibits that proved the violations, all of which

exhibits were admitted into evidence at the hearing,[1] upon Mr. Templin's response
to Debtor's post-hearing memorandum falling far short of countering Debtor's
arguments, and upon my decision on March 19, 2018, granting the Sanctions
Motion, and upon my further direction on March 19, 2018, that April 4, 2018, was
set as the date for a hearing for me to determine the nature and amounts of damage
caused by Mr. Templin, as well as any other sanctions or penalties that ought to be
assessed against Mr. Templin, and upon the hearing yesterday, April 4, 2018, to
determine the amount of damages, and upon my issuance and entrance of a Bench
Order establishing damages in the amount of $5,050 payable to Debtor by Mr.
Templin ($4,050 for counsel's fees plus $1,000 to Debtor for stress, sleeplessness,
depression, etc.), Which damages are based on the following:

> 1. Debtor's counsel spent 15.7 hours at an hourly rate of
>    approximately $250/hour for time incurred in prosecuting the
>    Sanctions Motion, which I find is reasonable, see Debtor's Exhibit

---

[1]     Debtor's post-hearing memorandum itemized and described Mr. Templin's actions that constitute
clear violations of the automatic stay. I quibbled with only one of his itemized instances of a stay
violation. I disagreed with Debtor's Paragraph 5, in which he argued that Mr. Templin's frequent driving
past Debtor's home constituted a violation of the stay. I was not convinced on the record then before me
that Mr. Templin drove by the number of times Debtor alleges. Furthermore, I was not convinced on the
record then before me that Mr. Templin's drive-bys constituted, in and of themselves, efforts to collect
the amounts alleged to be due from Debtor. The allegations in Paragraph 5 were the only of Debtor's
claims of stay violation with which I disagreed. All other allegations by Debtor accurately described
violations of the stay by Mr. Templin.

No. 2, in which Counsel established that his compensation relating to the Sanctions Motion is $4,050; and

2. Debtor's credible testimony, which was corroborated by equally credible testimony of his wife, established that Mr. Templin's conduct in utter disregard of Debtor's bankruptcy and the automatic stay of Section 362, caused Debtor to be very depressed, irritable, and stressed, which caused Debtor to suffer from an extreme inability to sleep and increased physical problems such as an inability to control his blood pressure and blood sugar levels, with increased aches, pains, and sickliness.[2]

IT IS HEREBY ORDERED that the Bench Order issued and entered at yesterday's hearing granting damages pursuant to the Sanctions Motion IS HEREBY RATIFIED AND REAFFIRMED.

IT IS FURTHER ORDERED that Mr. Templin shall pay $5,050 to Debtor immediately as damages pursuant to and arising from my ruling on

---

[2]     Debtor offered, and I rejected as inappropriately presented without a medical witness, testimony that his strokes and other serious medical maladies, and medications that resulted therefrom, arose from Mr. Templin's action. Without a medical witness, however, Debtor's testimony constituted either hearsay or expert testimony from a non-expert. As I said, I rejected this evidence of serious medical problems. I note that Mr. Templin, appearing, pro se, appeared uninformed about evidentiary rules and did not object to Debtor's testimony on this issue, but I intervened and stopped the inappropriate testimony.

the Sanctions Motion.

BY THE COURT

Richard E. Fehling,
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  JOHN C. FLAGLER,                    :        Case No. 17-16997REF

　　　　　Debtor                              :        Chapter 7

# __ORDER__

AND NOW, this 6 day of April, 2018, upon my consideration of the

motion filed by Francis E. Templin ("Mr. Templin") to dismiss Chapter 7 petition

of Debtor (the "Dismissal Motion") and the response filed by Debtor, and after a

hearing on April 4, 2018, on the Dismissal Motion, during which hearing I entered

a Bench Order denying the Dismissal Motion based upon my statements in Court,

particularly pursuant to my finding and conclusion that the Dismissal Motion

fundamentally seeks a denial of Debtor's discharge under Section 727,[1] for which

an adversary complaint must be filed,[2] rather than by a motion for dismissal of this

Chapter 7 bankruptcy case,

IT IS HEREBY ORDERED that the Bench Order I entered on April

4, 2018 denying Mr. Templin's Dismissal Motion IS HEREBY REAFFIRMED.

BY THE COURT

RICHARD E. FEHLING
United States Bankruptcy Judge

---

[1]     Mr. Templin acknowledged that I was correct in my determination that he filed the Dismissal Motion to prevent the debt allegedly owed to him by Debtor from being discharged.

[2]     The deadline for filing an adversary complaint objecting to Debtor's discharge or the dischargeability of a debt owed by Debtor was February 13, 2018.

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  JOHN C. FLAGLER,    :    Case No. 17-16997REF

Debtor    :    Chapter 7

# **ORDER**

AND NOW, this 6 day of April, 2018, upon my consideration of the

motion filed by Francis E. Templin ("Mr. Templin") for judicial review,

determination, and order (the "Judicial Review Motion") and the response thereto

filed by Debtor, and after hearing on April 4, 2018, on the Judicial Review Motion,

during which hearing I entered a Bench Order denying the Judicial Review Motion

based upon my statements made in Court, in particular pursuant to my finding and

conclusion that neither the Bankruptcy Code nor the Federal Rules of Bankruptcy

Procedure recognize such a motion,

IT IS HEREBY ORDERED that the Bench Order I entered on April

4, 2018 denying Mr. Templin's Judicial Review Motion IS HEREBY

REAFFIRMED.

BY THE COURT

RICHARD E. FEHLING
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  JOHN C. FLAGLER,                :        Case No. 17-16997REF

　　　　Debtor                          :        Chapter 7

# **ORDER**

AND NOW, this 6 day of April, 2018, upon my consideration of the
motion filed by Francis E. Templin ("Mr. Templin") for an examination of Debtor
pursuant to Bankruptcy Rule 2004 (the "2004 Motion") and the response thereto
filed by Debtor, and after a hearing on April 4, 2018 on the 2004 Motion, during
which hearing I entered a Bench Order denying the 2004 Motion based upon my
statements made in Court, in particular pursuant to my finding and conclusion that
because the disputes between the parties arose in the midst of litigation of
contested matters, the proper procedural vehicle for Mr. Templin to obtain the
information he was seeking was through the discovery rules, not through a 2004
Motion,

IT IS HEREBY ORDERED that the Bench Order I entered on April
4, 2018, denying the 2004 Motion IS HEREBY REAFFIRMED.[1]

BY THE COURT

_____

RICHARD E. FEHLING
United States Bankruptcy Judge

---

[1]     The April 4, 2018 hearing covered five different contested matters. I entered two Bench Orders
during this hearing denying Mr. Templin's 2004 Motion. The first Bench Order, which was entered
before most of the remaining contested matters had been heard, denied the 2004 Motion without prejudice
to Mr. Templin's ability to obtain the information he was seeking through discovery. The second Bench
Order, which was entered after the remaining contested matters had been heard, denied the 2004 Motion
without mentioning whether the denial was with or without prejudice. Because the second Bench Order
was silent on whether it was entered with or without prejudice, it is interpreted to be without prejudice to
Mr. Templin's ability to obtain the information he was seeking through discovery, although all contested
matters between the parties have now been heard and decided.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                              :     **NO. 17-16997**
JOHN C. FLAGLER,                    :
      Debtor               :     CHAPTER 7
                 :
                 :     11 U.S.C. Section 523

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1.  Name(s) of appellant(s):

    Francis E. Templin

2.  Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject
    of this appeal:

    For appeals in an adversary proceeding.     For appeals in a bankruptcy case and not in
                                                an adversary proceeding.

    ___   Plaintiff                             ___   Debtor

    ___   Defendant                             _X_   Creditor

    ___   Other _____             ___   Trustee

                                                ___   Other (describe) _____

### Part 2: Identify the subject of this appeal

1.  Describe the judgment, order, or decree appealed from:
    **1) Order Determining Damages Payable to Debtor Pursuant to Sanctions Motion.**
    **2) Order Denying Judicial Review Motion.**
    **3) Order Denying Dismissal Motion.**
    **4) Order Denying Rule 2004 Motion.**

2.  State the date on which the judgment, order, or decree was entered:  **April 5, 2018**

**Part 3: Identify the other parties to the appeal**

   1.  Party:  **John C. Flagler**           Attorney:     Paul Edward Trainor
                                                                      1275 Glenlivet Drive, Suite 100
                                                                      Allentown, PA 18106-3107

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C.(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

      \_\_\_\_\_  Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

_[signature]_                           Date:  **13 April 2018**

Signature of attorney for appellant(s) (or
Appellant(s) if not represented by an attorney.

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

**Francis E. Templin
6093 Old Route 22
Bernville, PA 19506-8455
484-869-4930**

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  JOHN C. FLAGLER,       :     Case No. 17-16997REF

      Debtor             :     Chapter 7

# <u>ORDER</u>

AND NOW, this 6 day of April, 2018, upon my consideration of the motion filed by Francis E. Templin ("Mr. Templin") for an examination of Debtor pursuant to Bankruptcy Rule 2004 (the "2004 Motion") and the response thereto filed by Debtor, and after a hearing on April 4, 2018 on the 2004 Motion, during which hearing I entered a Bench Order denying the 2004 Motion based upon my statements made in Court, in particular pursuant to my finding and conclusion that because the disputes between the parties arose in the midst of litigation of contested matters, the proper procedural vehicle for Mr. Templin to obtain the information he was seeking was through the discovery rules, not through a 2004 Motion,

IT IS HEREBY ORDERED that the Bench Order I entered on April 4, 2018, denying the 2004 Motion IS HEREBY REAFFIRMED.[1]

BY THE COURT

RICHARD E. FEHLING

United States Bankruptcy Judge

---

[1]    The April 4, 2018 hearing covered five different contested matters. I entered two Bench Orders during this hearing denying Mr. Templin's 2004 Motion. The first Bench Order, which was entered before most of the remaining contested matters had been heard, denied the 2004 Motion without prejudice to Mr. Templin's ability to obtain the information he was seeking through discovery. The second Bench Order, which was entered after the remaining contested matters had been heard, denied the 2004 Motion without mentioning whether the denial was with or without prejudice. Because the second Bench Order was silent on whether it was entered with or without prejudice, it is interpreted to be without prejudice to Mr. Templin's ability to obtain the information he was seeking through discovery, although all contested matters between the parties have now been heard and decided.

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  JOHN C. FLAGLER,            :     Case No. 17-16997REF

Debtor                             :     Chapter 7

# **ORDER**

AND NOW, this 6 day of April, 2018, upon my consideration of the

motion filed by Francis E. Templin ("Mr. Templin") to dismiss Chapter 7 petition

of Debtor (the "Dismissal Motion") and the response filed by Debtor, and after a

hearing on April 4, 2018, on the Dismissal Motion, during which hearing I entered

a Bench Order denying the Dismissal Motion based upon my statements in Court,

particularly pursuant to my finding and conclusion that the Dismissal Motion

fundamentally seeks a denial of Debtor's discharge under Section 727,[1] for which

an adversary complaint must be filed,[2] rather than by a motion for dismissal of this

Chapter 7 bankruptcy case,

IT IS HEREBY ORDERED that the Bench Order I entered on April

4, 2018 denying Mr. Templin's Dismissal Motion IS HEREBY REAFFIRMED.

BY THE COURT

RICHARD E. FEHLING
United States Bankruptcy Judge

---

[1]     Mr. Templin acknowledged that I was correct in my determination that he filed the Dismissal
Motion to prevent the debt allegedly owed to him by Debtor from being discharged.

[2]     The deadline for filing an adversary complaint objecting to Debtor's discharge or the
dischargeability of a debt owed by Debtor was February 13, 2018.

008911                    19708008919026

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: JOHN C. FLAGLER,        :      Case No. 17-16997REF

Debtor                   :      Chapter 7

# ORDER

AND NOW, this 6 day of April, 2018, upon my consideration of the motion filed by Francis E. Templin ("Mr. Templin") for judicial review, determination, and order (the "Judicial Review Motion") and the response thereto filed by Debtor, and after hearing on April 4, 2018, on the Judicial Review Motion, during which hearing I entered a Bench Order denying the Judicial Review Motion based upon my statements made in Court, in particular pursuant to my finding and conclusion that neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure recognize such a motion,

IT IS HEREBY ORDERED that the Bench Order I entered on April 4, 2018 denying Mr. Templin's Judicial Review Motion IS HEREBY REAFFIRMED.

BY THE COURT

RICHARD E. FEHLING
United States Bankruptcy Judge

20

1970800891017

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: JOHN C. FLAGLER,  :  Case No. 17-16997REF

Debtor  :  Chapter 7

# <u>ORDER DETERMINING DAMAGES PAYABLE TO DEBTOR PURSUAND TO SANCTIONS MOTION</u>

AND NOW, this 5 day of April, 2018, upon my consideration of Debtor's Motion for Contempt and Sanctions for Violation of the Automatic Stay by Francis E. Templin (the "Sanctions Motion"), and upon the testimony and documents presented at the hearing on the Sanctions Motion on February 12, 2018, and upon the memoranda submitted (1) by Debtor in support of the Sanctions Motion and (2) by Francis Templin ("Mr. Templin") in opposition to the Sanctions Motion, and upon my decision granting the Sanctions Motion on March 19, 2018, having never been presented with such blatant violations, as well as so many individual instances of violations, of the automatic stay as Mr. Templin's efforts to pursue Debtor, to establish a judgment or judgments against Debtor, and to collect on the judgment or judgments by having seized and sold Debtor's property, all after Debtor filed the above bankruptcy case, all with Mr. Templin's full knowledge of Debtor's bankruptcy, and all as evidenced by Debtor's uncontroverted production of exhibits that proved the violations, all of which

exhibits were admitted into evidence at the hearing,[1] upon Mr. Templin's response

to Debtor's post-hearing memorandum falling far short of countering Debtor's

arguments, and upon my decision on March 19, 2018, granting the Sanctions

Motion, and upon my further direction on March 19, 2018, that April 4, 2018, was

set as the date for a hearing for me to determine the nature and amounts of damage

caused by Mr. Templin, as well as any other sanctions or penalties that ought to be

assessed against Mr. Templin, and upon the hearing yesterday, April 4, 2018, to

determine the amount of damages, and upon my issuance and entrance of a Bench

Order establishing damages in the amount of $5,050 payable to Debtor by Mr.

Templin ($4,050 for counsel's fees plus $1,000 to Debtor for stress, sleeplessness,

depression, etc.), Which damages are based on the following:

1. Debtor's counsel spent 15.7 hours at an hourly rate of
   approximately $250/hour for time incurred in prosecuting the
   Sanctions Motion, which I find is reasonable, see Debtor's Exhibit

---

[1]     Debtor's post-hearing memorandum itemized and described Mr. Templin's actions that constitute
clear violations of the automatic stay. I quibbled with only one of his itemized instances of a stay
violation. I disagreed with Debtor's Paragraph 5, in which he argued that Mr. Templin's frequent driving
past Debtor's home constituted a violation of the stay. I was not convinced on the record then before me
that Mr. Templin drove by the number of times Debtor alleges. Furthermore, I was not convinced on the
record then before me that Mr. Templin's drive-bys constituted, in and of themselves, efforts to collect
the amounts alleged to be due from Debtor. The allegations in Paragraph 5 were the only of Debtor's
claims of stay violation with which I disagreed. All other allegations by Debtor accurately described
violations of the stay by Mr. Templin.

No. 2, in which Counsel established that his compensation relating to the Sanctions Motion is $4,050; and

2. Debtor's credible testimony, which was corroborated by equally credible testimony of his wife, established that Mr. Templin's conduct in utter disregard of Debtor's bankruptcy and the automatic stay of Section 362, caused Debtor to be very depressed, irritable, and stressed, which caused Debtor to suffer from an extreme inability to sleep and increased physical problems such as an inability to control his blood pressure and blood sugar levels, with increased aches, pains, and sickliness.[2]

IT IS HEREBY ORDERED that the Bench Order issued and entered at yesterday's hearing granting damages pursuant to the Sanctions Motion IS HEREBY RATIFIED AND REAFFIRMED.

IT IS FURTHER ORDERED that Mr. Templin shall pay $5,050 to Debtor immediately as damages pursuant to and arising from my ruling on

---

[2]     Debtor offered, and I rejected as inappropriately presented without a medical witness, testimony that his strokes and other serious medical maladies, and medications that resulted therefrom, arose from Mr. Templin's action. Without a medical witness, however, Debtor's testimony constituted either hearsay or expert testimony from a non-expert. As I said, I rejected this evidence of serious medical problems. I note that Mr. Templin, appearing, pro se, appeared uninformed about evidentiary rules and did not object to Debtor's testimony on this issue, but I intervened and stopped the inappropriate testimony.

the Sanctions Motion.

BY THE COURT

Richard E. Fehling,
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                    :        **NO. 17-16997**
JOHN C. FLAGLER,                          :
        Debtor                    :        CHAPTER 7
                                          :
                                          :        11 U.S.C. Section 523

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1.   Name(s) of appellant(s):

     Francis E. Templin

2.   Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject
     of this appeal:

| For appeals in an adversary proceeding. | For appeals in a bankruptcy case and not in an adversary proceeding. |
|---|---|
| ___    Plaintiff | ___    Debtor |
| ___    Defendant | X_    Creditor |
| ___    Other _____ | ___    Trustee |
| | ___    Other (describe) _____ |

### Part 2: Identify the subject of this appeal

1.   Describe the judgment, order, or decree appealed from:
     **1) Order Determining Damages Payable to Debtor Pursuant to Sanctions Motion.**
     **2) Order Denying Judicial Review Motion.**
     **3) Order Denying Dismissal Motion.**
     **4) Order Denying Rule 2004 Motion.**

2.   State the date on which the judgment, order, or decree was entered:  **April 5, 2018**

FILED
2018 APR 13 PM 2: 7
U.S. BANKRUPTCY COURT

**Part 3: Identify the other parties to the appeal**

1.  Party: **John C. Flagler**          Attorney:          Paul Edward Trainor
                                                            1275 Glenlivet Drive, Suite 100
                                                            Allentown, PA 18106-3107

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C.(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

_____ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

_____          Date:  **13 April 2018**
Signature of attorney for appellant(s) (or
Appellant(s) if not represented by an attorney.

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

**Francis E. Templin**
**6093 Old Route 22**
**Bernville, PA 19506-8455**
**484-869-4930**

CC:  Bayview Loan Servicing c/o Rebecca Ann Solarz - Creditor (electronically)
Robert D. Densmore - Creditor (mail)
Ralph J. Bellafatto - Creditor Atty (Electronically)
John C. Flagler - Debtor (mail)
Paul Edward Trainor - Debtor's Atty (Electronically)
Michael H. Kaliner - Trustee (Electronically)
Synchrony Bank - Creditor (mail)
Francis E. Templin - Creditor (mail)
United States Trustee (electronically)
Judge Richard E. Fehling (by hand delivery)
District Court (Electronically)

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  JOHN C. FLAGLER,                :       Case No. 17-16997REF

      Debtor                :       Chapter 7

# ORDER

AND NOW, this 6 day of April, 2018, upon my consideration of the motion filed by Francis E. Templin ("Mr. Templin") for an examination of Debtor pursuant to Bankruptcy Rule 2004 (the "2004 Motion") and the response thereto filed by Debtor, and after a hearing on April 4, 2018 on the 2004 Motion, during which hearing I entered a Bench Order denying the 2004 Motion based upon my statements made in Court, in particular pursuant to my finding and conclusion that because the disputes between the parties arose in the midst of litigation of contested matters, the proper procedural vehicle for Mr. Templin to obtain the information he was seeking was through the discovery rules, not through a 2004 Motion,

IT IS HEREBY ORDERED that the Bench Order I entered on April 4, 2018, denying the 2004 Motion IS HEREBY REAFFIRMED.[1]

BY THE COURT

_____

RICHARD E. FEHLING
United States Bankruptcy Judge

---

[1]     The April 4, 2018 hearing covered five different contested matters. I entered two Bench Orders during this hearing denying Mr. Templin's 2004 Motion. The first Bench Order, which was entered before most of the remaining contested matters had been heard, denied the 2004 Motion without prejudice to Mr. Templin's ability to obtain the information he was seeking through discovery. The second Bench Order, which was entered after the remaining contested matters had been heard, denied the 2004 Motion without mentioning whether the denial was with or without prejudice. Because the second Bench Order was silent on whether it was entered with or without prejudice, it is interpreted to be without prejudice to Mr. Templin's ability to obtain the information he was seeking through discovery, although all contested matters between the parties have now been heard and decided.

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  JOHN C. FLAGLER,                     :          Case No. 17-16997REF

Debtor                                       :          Chapter 7

# ORDER

AND NOW, this 6 day of April, 2018, upon my consideration of the

motion filed by Francis E. Templin ("Mr. Templin") to dismiss Chapter 7 petition

of Debtor (the "Dismissal Motion") and the response filed by Debtor, and after a

hearing on April 4, 2018, on the Dismissal Motion, during which hearing I entered

a Bench Order denying the Dismissal Motion based upon my statements in Court,

particularly pursuant to my finding and conclusion that the Dismissal Motion

fundamentally seeks a denial of Debtor's discharge under Section 727,[1] for which

an adversary complaint must be filed,[2] rather than by a motion for dismissal of this

Chapter 7 bankruptcy case,

IT IS HEREBY ORDERED that the Bench Order I entered on April

4, 2018 denying Mr. Templin's Dismissal Motion IS HEREBY REAFFIRMED.

BY THE COURT

RICHARD E. FEHLING
United States Bankruptcy Judge

---

[1]      Mr. Templin acknowledged that I was correct in my determination that he filed the Dismissal
Motion to prevent the debt allegedly owed to him by Debtor from being discharged.
[2]      The deadline for filing an adversary complaint objecting to Debtor's discharge or the
dischargeability of a debt owed by Debtor was February 13, 2018.

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  JOHN C. FLAGLER,                    :        Case No. 17-16997REF

Debtor                                      :        Chapter 7

# <u>ORDER</u>

AND NOW, this 6 day of April, 2018, upon my consideration of the

motion filed by Francis E. Templin ("Mr. Templin") for judicial review,

determination, and order (the "Judicial Review Motion") and the response thereto

filed by Debtor, and after hearing on April 4, 2018, on the Judicial Review Motion,

during which hearing I entered a Bench Order denying the Judicial Review Motion

based upon my statements made in Court, in particular pursuant to my finding and

conclusion that neither the Bankruptcy Code nor the Federal Rules of Bankruptcy

Procedure recognize such a motion,

IT IS HEREBY ORDERED that the Bench Order I entered on April

4, 2018 denying Mr. Templin's Judicial Review Motion IS HEREBY

REAFFIRMED.

BY THE COURT

RICHARD E. FEHLING
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  JOHN C. FLAGLER,        :     Case No. 17-16997REF

       Debtor             :     Chapter 7

# <u>ORDER DETERMINING DAMAGES PAYABLE TO DEBTOR PURSUAND TO SANCTIONS MOTION</u>

AND NOW, this 5 day of April, 2018, upon my consideration of

Debtor's Motion for Contempt and Sanctions for Violation of the Automatic Stay

by Francis E. Templin (the "Sanctions Motion"), and upon the testimony and

documents presented at the hearing on the Sanctions Motion on February 12, 2018,

and upon the memoranda submitted (1) by Debtor in support of the Sanctions

Motion and (2) by Francis Templin ("Mr. Templin") in opposition to the Sanctions

Motion, and upon my decision granting the Sanctions Motion on March 19, 2018,

having never been presented with such blatant violations, as well as so many

individual instances of violations, of the automatic stay as Mr. Templin's efforts to

pursue Debtor, to establish a judgment or judgments against Debtor, and to collect

on the judgment or judgments by having seized and sold Debtor's property, all

after Debtor filed the above bankruptcy case, all with Mr. Templin's full

knowledge of Debtor's bankruptcy, and all as evidenced by Debtor's

uncontroverted production of exhibits that proved the violations, all of which

008931
1960800893901 6

exhibits were admitted into evidence at the hearing,[1] upon Mr. Templin's response

to Debtor's post-hearing memorandum falling far short of countering Debtor's

arguments, and upon my decision on March 19, 2018, granting the Sanctions

Motion, and upon my further direction on March 19, 2018, that April 4, 2018, was

set as the date for a hearing for me to determine the nature and amounts of damage

caused by Mr. Templin, as well as any other sanctions or penalties that ought to be

assessed against Mr. Templin, and upon the hearing yesterday, April 4, 2018, to

determine the amount of damages, and upon my issuance and entrance of a Bench

Order establishing damages in the amount of $5,050 payable to Debtor by Mr.

Templin ($4,050 for counsel's fees plus $1,000 to Debtor for stress, sleeplessness,

depression, etc.), Which damages are based on the following:

1. Debtor's counsel spent 15.7 hours at an hourly rate of

   approximately $250/hour for time incurred in prosecuting the

   Sanctions Motion, which I find is reasonable, see Debtor's Exhibit

---

[1]       Debtor's post-hearing memorandum itemized and described Mr. Templin's actions that constitute clear violations of the automatic stay. I quibbled with only one of his itemized instances of a stay violation. I disagreed with Debtor's Paragraph 5, in which he argued that Mr. Templin's frequent driving past Debtor's home constituted a violation of the stay. I was not convinced on the record then before me that Mr. Templin drove by the number of times Debtor alleges. Furthermore, I was not convinced on the record then before me that Mr. Templin's drive-bys constituted, in and of themselves, efforts to collect the amounts alleged to be due from Debtor. The allegations in Paragraph 5 were the only of Debtor's claims of stay violation with which I disagreed. All other allegations by Debtor accurately described violations of the stay by Mr. Templin.

008931    19608008939016

No. 2, in which Counsel established that his compensation relating to the Sanctions Motion is $4,050; and

2. Debtor's credible testimony, which was corroborated by equally credible testimony of his wife, established that Mr. Templin's conduct in utter disregard of Debtor's bankruptcy and the automatic stay of Section 362, caused Debtor to be very depressed, irritable, and stressed, which caused Debtor to suffer from an extreme inability to sleep and increased physical problems such as an inability to control his blood pressure and blood sugar levels, with increased aches, pains, and sickliness.[2]

IT IS HEREBY ORDERED that the Bench Order issued and entered at yesterday's hearing granting damages pursuant to the Sanctions Motion IS HEREBY RATIFIED AND REAFFIRMED.

IT IS FURTHER ORDERED that Mr. Templin shall pay $5,050 to Debtor immediately as damages pursuant to and arising from my ruling on

---

[2]    Debtor offered, and I rejected as inappropriately presented without a medical witness, testimony that his strokes and other serious medical maladies, and medications that resulted therefrom, arose from Mr. Templin's action. Without a medical witness, however, Debtor's testimony constituted either hearsay or expert testimony from a non-expert. As I said, I rejected this evidence of serious medical problems. I note that Mr. Templin, appearing, pro se, appeared uninformed about evidentiary rules and did not object to Debtor's testimony on this issue, but I intervened and stopped the inappropriate testimony.

the Sanctions Motion.

BY THE COURT

Richard E. Fehling,
United States Bankruptcy Judge

008931      19608008939025